UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| LEWIS EDWIN CULBERSON | ) | Chapter 13 |
| PATRICIA DIANNE CULBERSON | ) | Case No. 1:15-bk-15519-SDR |
|     Debtor. | ) | |
| | ) | |
| **LEWIS EDWIN CULBERSON** | ) | |
| **PATRICIA DIANNE CULBERSON** | ) | |
|     **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | **Adversary Proceeding** |
| | ) | **No.** |
| **NATIONSTAR MORTGAGE, LLC** | ) | |
| **dba MR. COOPER** | ) | |
|     **Defendant.** | ) | |

## COMPLAINT

Come now the Plaintiffs, Lewis Edwin Culberson and Patricia Dianne Culberson (hereinafter the "Plaintiffs" or the "Debtors"), by and through counsel, and hereby file this Adversary Proceeding against Nationstar Mortgage, LLC dba Mr. Cooper ("Mr. Cooper" or the "Defendant"). In support of their Adversary Proceeding, the Plaintiffs state as follows:

### I. PARTIES

1.    Plaintiffs/Debtors, Lewis Edwin Culberson and Patricia Dianne Culberson, are citizens and residents of Polk County, Tennessee residing at 1457 Chestuee Road, Delano, Tennessee 37325. The Debtors commenced a voluntary case under Chapter 13 of the Bankruptcy Code, by filing a petition that was assigned number 1:15-bk-15519-SDR.

2. Defendant, Nationstar Mortgage, LLC dba Mr. Cooper[1] ("Nationstar" or "Mr. Cooper" or "Defendant") is the servicer of Debtors' mortgage on behalf of U. S. Bank National Association, not in its individual capacity but solely as Trustee for the CIM TRUST 2018-NR1 Mortgage-Backed Notes, Series 2018-NR1. Defendant maintains a principal office located at 8950 Cypress Waters Blvd, Coppell, Texas and may be served through its registered agent, Corporation Service Company located at 2908 Poston Avenue, Nashville, TN 37203-1312.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U. S. C. § 157 and 1334; F.R.C.P. 57, and Fed. R. Bankr. P. 7001(1), (2), (7) and (9). This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(B) and (K).

## III. SUMMARY OF FACTS

4. This action is filed as an adversary proceeding consistent with (1) Fed. R. Bankr. P. 7001(7) in that it is a proceeding to obtain an injunction and other equitable relief including damages and attorneys' fees; (2) a violation of the automatic stay in the Debtors' Chapter 13 case together with damages and attorneys' fees allowed under 11 U. S. C. § 362(k)(1); (3) a proceeding to obtain a declaratory judgment which reflects the Chapter 13 Trustee's records are correct and the records of Mr. Cooper as to its position that the Debtors are presently in arrears on their mortgage is incorrect pursuant to Fed. R. Bankr. P. 7001(9); (4) appropriate relief as allowed by 11 U. S. C. § 105(a) including certification of this action as a class action as allowed by Fed. R. Civ. P. 23 and Fed. R. Bankr. P. 7023 including prospective injunctive relief as to all class members, if the Court determines class action certification is appropriate.

---

[1] Nationstar Mortgage, LLC was officially renamed Mr. Cooper on August 21, 2017.

5. On December 18, 2015, the Debtors filed a voluntary Chapter 13 bankruptcy in this Court to save their home. A foreclosure had been scheduled for January 14, 2015.

6. Upon the filing of this case, the automatic stay was entered pursuant to 11 U. S. C. § 362, and the foreclosure was cancelled by Mr. Cooper's attorneys and/or agents.

7. At the time of the entry of the automatic stay, Mr. Cooper and its attorneys and/or agents had in place the necessary and appropriate business practice to acknowledge and document the Debtors' bankruptcy case, and Mr. Cooper and its attorneys and/or agents understood the appropriate action to cancel the foreclosure.

8. The automatic stay which was entered pursuant to 11 U. S. C. § 362 on December 21, 2015 has not been lifted, modified, suspended or vacated during the time of some of the wrongful actions of Mr. Cooper. The Debtors' case was closed as of August 11, 2020.

9. Upon the filing of their Chapter 13, the Debtors filed a proposed plan [Doc No. 7] which proposed to pay to the Chapter 13 Trustee the sum of $1,346.00 per month. From these funds, the Debtors proposed that the Trustee pay Mr. Cooper a regular maintenance payment of $819.00 per month and a payment of $260.00 on an estimated arrearage claim of $15,559.86. The plan also proposed a 100% dividend to unsecured creditors.

10. On January 20, 2016, Natalie Brown, Esq. with the law firm of Rubin Lublin, TN, PLLC filed a Notice of Appearance and Request for All Notices on behalf of the Defendant, Mr. Cooper [Doc No. 17].

11. On January 26, 2016, a Section 341 Meeting of Creditors was held by the Chapter 13 Trustee, Kara West [Doc No. 18]. No creditors appeared at this meeting. The Chapter 13 Trustee recommended the Debtors' Chapter 13 plan for confirmation with the only change being an increase in the plan payment to the sum of $1,383.00 per month.

12. On January 28, 2016, the Court entered its Order confirming the Debtors' Chapter 13 plan [Doc No. 19].

13. The Order confirming the Debtor's plan [Doc No. 19] became binding on the Debtors and all creditors including the Defendant, Mr. Cooper, pursuant to 11 U. S.C. § 1327(a).

14. On April 25, 2016, the Defendant filed Claim No. 6 in the Debtors' Chapter 13 for $74,579.46 with an arrearage claim of $18,653.05.

15. According to the Court's PACER docket history, from the date of confirmation of January 28, 2016 through November 24, 2016, the Debtors' Chapter 13 case had only the routine activity relating to the appropriate statutory duties of the Chapter 13 Trustee. No motions to dismiss, motions to lift the automatic stay, or any motions of creditors were filed.

16. According to the Court's PACER docket history, of the Debtors' Chapter 13 case, there was not any activity for the years 2017, 2018, or 2019.

17. During their Chapter 13 plan, the Debtors consistently paid their Chapter 13 plan payment which was voluntarily increased to $1,822.00 per month in June 2016, as reflected by a copy of the Trustee's payment history attached as Exhibit 1.

18. Exhibit 1 accurately reflects that Mr. Cooper received maintenance payments during the plan totaling $52,988.48.

19. Exhibit 1 accurately reflects that the Chapter 13 Trustee paid the arrearage claim of Mr. Cooper in full in the amount of $18,653.05 with a $0.00 balance owed on the arrearage.

20. Exhibit 1 accurately reflects the Debtors made all of their required Chapter 13 payments and paid a total of $90,690.00 in payments with the last payment being noted by the Trustee on May 4, 2020 in the amount of $1,822.00.

21. The Debtors received a statement dated April 21, 2020 from Mr. Cooper reflecting a payment amount due of $5,651.40. This statement is attached as Exhibit 2.

22. On April 29, 2020, Mr. Cooper filed with this Court a Notice of Mortgage Payment Change reflecting the payment would increase from $941.90 to $964.65 beginning June 12, 2020.

23. On May 20, 2020, an Order of Discharge was entered in the Debtors' Chapter 13 case. [Doc No. 40].

24. The Debtors received a letter dated June 9, 2020, via certified mail, from Mr. Cooper's Dedicated Loan Specialist Marcela Ayala Cordero ("Ms. Cordero"), advising them that their loan was past due in the amount of $4,834.71. The letter further stated that Mr. Cooper is not obligated to accept less than the full amount owed and failure to pay $4,834.71 by 07/14/2020 may result in acceleration of the sums secured, foreclosure proceedings, and sale of the property. This letter is attached as Exhibit 3.

25. The Debtors received a letter dated June 10, 2020, from Mr. Cooper's single point of contact Ashley Isaiah ("Ms. Isaiah") advising them that she was their new Dedicated Loan Specialist to help them with any issues they have with making their mortgage payment. This letter is attached as Exhibit 4.

26. The letter Mr. Cooper's representative, Ms. Cordero, sent to the Debtors reflects a return address as Mr. Cooper, PO Box 9095, Temecula, CA 92589-9095. Exhibit 3.

27. The letter Mr. Cooper's representative, Ms. Isaiah, sent to the Debtors reflects a return address as Mr. Cooper, 8950 Cypress Waters Blvd., Coppell, TX 75019. Exhibit 4.

28. No one in Ms. Cordero's department checked to see if the Chapter 13 Trustee had filed the required Notice of Final Cure Payment in the Debtors' bankruptcy case prior to sending the letter, attached as Exhibit 3, to the Debtors.

29. No one in Ms. Cordero's department checked or confirmed the Chapter 13 Trustee records reflecting payments sent to Mr. Cooper from the Debtors' bankruptcy case, prior to sending the letter, attached as Exhibit 3, to the Debtors.

30. No one in Ms. Isaiah's department checked to see if the Chapter 13 Trustee had filed the required Notice of Final Cure Payment in the Plaintiff's bankruptcy case prior to sending the letter, attached as Exhibit 4, to the Debtors.

31. No one in Ms. Isaiah's department checked or confirmed the Chapter 13 Trustee records reflecting payments sent to Mr. Cooper from the Debtors' bankruptcy case, prior to sending the letter, attached as Exhibit 4, to the Debtors.

32. The Debtors received a letter dated June 15, 2020 from Mr. Cooper's single point of contact Shamia McClellan ("Ms. McClellan") advising them that she was their new Dedicated Loan Specialist to help them with any issues they may have making their mortgage payment. This letter is attached as Exhibit 5.

33. The letter Mr. Cooper's representative, Ms. McClellan, sent to the Debtors reflects a return address as Mr. Cooper, 8950 Cypress Waters Blvd., Coppell, TX 75019. Exhibit 5.

34. No one in Ms. McClellan's department checked to see if the Chapter 13 Trustee had filed the required Notice of Final Cure Payment in the Plaintiff's bankruptcy case prior to sending the letter, attached as Exhibit 5 to the Debtors.

35. No one in Ms. McClellan's department checked or confirmed the Chapter 13 Trustee records reflecting payments sent to Mr. Cooper from the Debtors' bankruptcy case, prior to sending the letter, attached as Exhibit 5, to the Debtors.

36. The Debtors received a letter dated June 16, 2020, certified return receipt, from their new dedicated loan specialist, Ms. McClellan, advising their loan was past due for 03/12/2020

payment and total amount due was $5,426.00 and must be paid by 07/21/2020. Letter attached as Exhibit 6.

37. On June 17, 2020, the Chapter 13 Trustee filed a Notice of Final Cure Payment to Mr. Cooper pursuant to Bankruptcy Rule 3002.1(f). [Doc No. 43].

38. In the Notice of Final Cure, the Trustee certified that the Debtors had completed all payments under their Chapter 13 plan satisfying the pre-petition arrearage and post-petition fees, expenses, and charges which had been paid in full. [Doc No. 43].

39. The Notice of Final Cure further reflected that Debtors' next post-petition payment of $964.65 would be due June 2020. [Doc No. 43].

40. The Debtors received from Mr. Cooper a letter dated June 19, 2020 stating their loan was one hundred (100) days past due and reflecting an erroneous amount due of $4,805.71 due on July 12, 2020. Attached as Exhibit 7.

41. The Debtors received from Mr. Cooper a mortgage loan statement dated June 19, 2020 reflecting a total amount due of $4,805.71. Attached as Exhibit 8

42. On June 24, 2020, the Debtors mailed money order 26247683305 in the amount of $975.00 for their June mortgage payment to Mr. Cooper. Attached as Exhibit 9.

43. The Debtors received from Mr. Cooper a letter dated June 24, 2020, advising, "Recently a transaction on your account has resulted in us placing funds in an unapplied funds account." If further stated, "As of the date of this letter, the total amount required to bring this account current is $3,618.86." Attached as Exhibit 10.

44. The Debtors received from Mr. Cooper's Dedicated Loan Specialist Shamia McClellan a letter via certified mail dated June 25, 2020, advising their loan was currently past

due for the 04/12/2020 payment and the total amount of $3,632.31 was due in full by 07/30/2020. Attached as Exhibit 11.

45. On July 07, 2020, counsel for U. S. Bank National Association, not in its individual capacity but solely as Trustee for the CIM TRUST 2018-NR1 Mortgage-Backed Notes, Series 2018-NR1, filed Response to Notice of Final Cure Payment advising it AGREES that Debtors have paid in full the amount to cure the default on the Creditor's claim. It further AGREES that Debtors are current with respect to all payments consistent with 1322(b)(5) of the Bankruptcy Code. Attached as Exhibit 12.

46. The Debtors received from Mr. Cooper a letter dated 07/21/2020, advising, "Our records tell us that one or more payment(s) on your Mr. Cooper home loan is overdue." Attached as Exhibit 13.

47. On July 22, 2020, the Debtors mailed two money orders (26664556770 and 26664556781) totaling $1,002.00 for their July 2020 mortgage payment to Mr. Cooper. Attached as Exhibit 9.

48. The Debtors received a mortgage loan statement from Mr. Cooper dated July 21, 2020 reflecting a total amount due of $2,931.21. Attached as Exhibit 14.

49. Exhibit 14 also reflects $9,389.48 being paid in escrow since June 20, 2020.

50. Exhibit 14 also reflects $2,189.41 unapplied funds being held.

51. The Debtors received from Mr. Cooper a mortgage statement dated 08/19/2020 reflecting an erroneous amount due of $2,931.21. Attached as Exhibit 15.

52. Exhibit 15 reflects $256.73 being paid in escrow since July 22, 2020.

53. Exhibit 15 reflects $2.00 unapplied funds being held.

54. On or about August 26, 2020, the Debtors mailed a money order (26773332412) in the amount of $975.00 for their August 2020 mortgage payment to Mr. Cooper. Attached as Exhibit 9.

55. The Debtors received from Mr. Cooper a mortgage statement dated 09/21/2020 reflecting an erroneous amount due of $2,931.21. Attached as Exhibit 16.

56. On or about September 30, 2020, the Debtors mailed a money order (26247687726) in the amount of $975.00 for their September 2020 mortgage payment to Mr. Cooper. Attached as Exhibit 9.

57. The Debtors received from Mr. Cooper a mortgage loan statement dated October 20, 2020 reflecting an erroneous amount due of $2,931.21. Attached as Exhibit 17.

58. On or about October 28, 2020, the Debtors' mailed money order 26247677883 in the amount of $975.00 to Mr. Cooper. Attached as Exhibit 18.

59. The Debtors received from Mr. Cooper a mortgage loan statement dated November 19, 2020 reflecting an erroneous amount due of $2,931.21. Attached as Exhibit 19.

60. On or about November 25, 2020, the Debtors mailed money order 26247688492 in the amount of $975.00 to Mr. Cooper. Attached as Exhibit 20.

61. On or about December 4, 2020, the Debtors mailed money order 26247690887 in the amount of $975.00 to Mr. Cooper. Attached as Exhibit 20.

62. The Debtors received from Mr. Cooper a mortgage loan statement dated December 15, 2020 reflecting an amount due of $1,099.09. Attached as Exhibit 21.

63. On or about December 31, 2020, the Debtors mailed money order 26247693712 in the amount of $970.00 to Mr. Cooper. Attached as Exhibit 22.

64. The Debtors received from Mr. Cooper a mortgage loan statement dated January 13, 2021 reflecting an amount due of $1,093.74.  Attached as Exhibit 23.

65. On or about January 29, 2021, the Debtors mailed money order 26247694858 in the amount of $970.00 to Mr. Cooper. Attached as Exhibit 24.

66. The Debtors were in compliance with their Chapter 13 plan at all times.

67. The Defendant is in violation of the automatic stay in attempting to collect a debt.

68. The Defendant has failed to comply with the Order Confirming the Debtors' Chapter 13 Plan and properly crediting the Trustee's payments.

69. The Defendant's actions or inactions deprived Plaintiffs of a fair accounting of their debt under the loan contract.

70. The Defendant's actions were not harmless. The Plaintiffs have been threatened with a foreclosure action within approximately twenty (20) days after the entry of the Order of Discharge based on improperly alleged unpaid mortgage payments.

71. As a result of the Defendant's negligence in failing to properly apply Plaintiffs' plan payments to cure the arrears, Plaintiffs have suffered damages, including attorney's fees, costs of this action, and additional stress due of believing a foreclosure could be imminent.

72. The Plaintiffs have also been unable to obtain their fresh start after successfully completing their Chapter 13 case with this Court.

73. The Defendant does not have the proper procedures in place to properly credit Chapter 13 Trustee payments and correctly process the Notice of Final Cure that the Chapter 13 Trustee is required to file.

## FIRST CLAIM FOR RELIEF
## DETERMINATION OF VALIDITY AND AMOUNT OF THE LIEN

74. The allegations in the preceding paragraphs of this Complaint are realleged and reincorporated herein.

75. As a result of Defendant's improper recordkeeping in deeming Plaintiffs' mortgage past due and failing to properly apply funds sent by the Chapter 13 Trustee, Plaintiffs request this Court pursuant to Fed. R. Bankr. Proc. 7001(2) to determine the validity and amount of the lien.

## SECOND CLAIM FOR RELIEF
## INTENTIONAL MISREPRESENTATION

76. The allegations in the preceding paragraphs of this Complaint are realleged and reincorporated herein.

77. The Defendant, by informing Plaintiffs that their mortgage loan was in default, intentionally made misrepresentations which were false when the misrepresentations were made.

78. In each mortgage statement improperly showing that Plaintiffs were in default, Defendant intentionally ignored the Chapter 13 Trustee's Notice of Final Cure and intentionally misrepresented the status of the Plaintiffs' loan.

79. As a result of these violations, Defendant is liable to the Plaintiffs for all natural, proximate, and consequential damages due to their intentional misrepresentations.

## THIRD CLAIM FOR RELIEF
## NEGLIGENT MISREPRESENTATION

80. The allegations in the preceding paragraphs of this Complaint are realleged and reincorporated herein.

81. Defendant, by informing Plaintiffs that their mortgage loan was in default, negligently made misrepresentations which were false.

82. Each occurrence of correspondence from Defendant to Plaintiffs identifying that their mortgage was in default and in arrears serves as a negligent misrepresentation of the true status of the Plaintiffs' mortgage loan pursuant to the Chapter 13 Trustee's Notice of Final Cure.

83. As a result of these violations, Defendant is liable to the Plaintiffs for all natural proximate, and consequential damages due to their negligent misrepresentations.

**FOURTH CLAIM FOR RELIEF**
**NEGLIGENCE**

84. The allegations in the preceding paragraphs of this Complaint are realleged and reincorporated herein.

85. The Defendant, by improperly informing Plaintiffs that their mortgage loan was in default, was negligent in failing to properly correct its accounting records as well as its failure to apply payments properly.

86. Defendant had a duty to properly account for payments and to evaluate their records. Defendant breached that duty in each event of correspondence that deemed the Plaintiffs' mortgage to be in default.

87. As a direct result of this breach, the Plaintiffs were injured and harmed. Plaintiffs were faced with an improperly accounted for mortgage loan after five (5) years in bankruptcy. This burden kept Plaintiffs from taking advantage of their "fresh start" including the loss of opportunities to purchase a new vehicle or to have their mortgage loan refinanced with an interest rate lower than their current 11.75% rate.

88. As a result of this injury, Defendant is liable for all natural, proximate, and consequential damages due to their negligence including but not limited to the damage to the Plaintiffs' emotional and financial well-being.

## FIFTH CLAIM FOR RELIEF
## BREACH OF CONTRACT

89. The allegations in the preceding paragraphs of this Complaint are realleged and reincorporated herein.

90. Plaintiffs assert that Defendant breached the contract created between the parties by the loan documents, Deed of Trust, and subsequent assignments by sending improper and false mortgage statements and correspondence.

91. As a direct result of this breach of contract, the Defendant is liable to the Plaintiffs for all natural, proximate, and consequential damages.

## SIXTH CLAIM FOR RELIEF
## FAILURE TO CREDIT PAYMENTS UPON RECEIPT

92. The allegations in the preceding paragraphs of this Complaint are realleged and reincorporated herein.

93. Pursuant to 15 U.S.C. § 1639(f), "<u>Requirements for prompt crediting of home loan payments</u> (a) in connection with a consumer credit transaction secured by a consumer's principal dwelling, ***no servicer shall fail to credit a payment to the consumer's loan account as of the date of receipt***, except when a delay in crediting does not result in any charge to the consumer…" (Emphasis added).

94. Plaintiffs have been informed, believe, and therefore allege that Defendant failed to credit payments to Plaintiffs' account as of the date of receipt of said payments.

95. Plaintiffs have been informed, believe, and therefore allege that Defendant's failure to credit payments resulted in late fees and a delinquent balance on their mortgage loan.

96. Plaintiffs have been informed, believe, and therefore allege that the failure to credit payments is in direct violation of 15 U.S.C. § 1639(f).

97. Plaintiffs assert that each payment not applied to their mortgage loan is a separate violation of 15 U.S.C. § 1639(f).

98. As a direct result thereof, Plaintiffs are entitled to damages pursuant to 15 U.S.C. § 1640 for each violation.

## SEVENTH CLAIM FOR RELIEF
## VIOLATION OF FDCPA

99. The allegations in the preceding paragraphs of this Complaint are realleged and reincorporated herein.

100. Plaintiffs are consumers and thus a "consumer" as defined by FDCPA, 15 U.S.C. § 1692(a)(3). Defendant is engaged in the business of collection of debts from consumers using the bankruptcy courts and appear in numerous bankruptcy cases across the country. As such, Defendant is a "debt collector" as defined by FDCPA, 15 U.S.C. § 1692(a)(6).

101. Defendant's failure to properly account for Plaintiffs' payments and failure to properly keep its records serve as violations of the FDCPA. The violations stem from engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Defendant has also demanded an amount due from Plaintiffs which is inaccurate and inflated which violates and breaches the contract between the parties. As a result, Defendant has violated §§ 1692(d), 1692(e)(2), 1692(f), and 1692(f)(1) of the FDCPA.

102. The false representations of the legal status of the debt by the Defendant is a direct violation of the FDCPA. Attempting to collect the improper amounts as well as sending default notices are also violations of the FDCPA.

103. As a result of these violations of the FDCPA, Defendant is liable to the Plaintiffs for actual damages, statutory damages, punitive damages, and attorney fees.

**EIGHTH CLAIM FOR RELIEF**
**VIOLATION OF AUTOMATIC STAY**

104. The allegations in the preceding paragraphs of this Complaint are realleged and reincorporated herein.

105. Defendant, by identifying Plaintiffs' mortgage to be in default alongside their flng of the Response to the Trustee's Notice of Final Cure showing the mortgage to be current is a willful violation of the automatic stay protections afforded to Chapter 13 debtors pursuant to 11 U.S.C. § 362(k)(1).

106. The failure to apply the Plaintiffs' payments timely is a willful violation of the automatic stay which calls for actual damages, including costs and attorney fees, and punitive damages.

107. As a result of these willful violations by Defendant, Plaintiffs have been injured and have been unable to take advantage of the fresh start promised to them upon receiving a discharge.

108. As a result of this violation and these injuries, Defendant is liable to Plaintiffs for all actual, statutory, and punitive damages, including costs and attorney fees pursuant to 11 U.S.C. § 362(k)(1).

**REQUESTED RELIEF**

WHEREFORE, the Plaintiffs having identified their claims for relief against the Defendant respectfully request that this Court:

1. Assume jurisdiction of this case;

2. That the Plaintiffs have and recover against the Defendant a sum to be determined by the Court in the form of actual damages;

3. That the Plaintiffs have and recover against the Defendant a sum to be determined by the Court in the form of statutory damages;

4.That the Plaintiffs have and recover against the Defendant a sum to be determined by the Court in the form of punitive damages;

5.That the Plaintiffs have and recover against Defendant all reasonable legal fees and expenses incurred by their attorneys;

6.That the Defendant produce accurate, complete, unabridged post-petition accounts of the Plaintiffs' mortgage loan account;

7.That the Court determine the actual amount of the Defendant's claim and the extent of any lien on the Plaintiffs' property; and

8.That the Plaintiffs have such other and further relief as the Court may deem just and proper.

Respectfully submitted,

RICHARD BANKS & ASSOCIATES, PC

By: /s/ Richard L. Banks
Richard L. Banks (BPR No. 000617)
R. Bradley Banks (BPR No. 031013)
393 Broad Street NW
P.O. Box 1515
Cleveland, TN  37364
P: (423) 479-4188
F: (423) 478-1175
rbanks@rbankslawfirm.com
*Counsel for the Debtors*