IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION

| | |
|---|---|
| IN RE:<br><br>LEWIS EDWIN CULBERSON and<br>PATRICIA DIANNE CULBERSON,<br><br>    Debtors. | Case No. 1:15-bk-15519-SDR<br>Chapter 13 |
| LEWIS EDWIN CULBERSON and<br>PATRICIA DIANNE CULBERSON,<br><br>    Plaintiffs,<br><br>v.<br><br>NATIONSTAR MORTGAGE LLC d/b/a MR.<br>COOPER,<br><br>    Defendant. | Adversary No. 1:21-ap-01012-SDR |

### NATIONSTAR'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS

COMES NOW, Nationstar Mortgage LLC d/b/a Mr. Cooper ("Nationstar"), and file this Memorandum of Law in Support of its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6), respectfully showing this Honorable Court as follows:

### INTRODUCTION

In this case – filed ten months after the Debtors were granted a discharge and seven months after their main bankruptcy case was initially closed – Debtors Lewis and Patricia Culberson ("Debtors") are seeking relief under numerous theories based on allegations that Nationstar sought to collect improper amounts on their mortgage *after* they completed their plan payments and were granted a discharge. With the exception of one cause of action for violation

1

of the automatic stay – which fails to state a claim – the remainder of the claims do not arise under the bankruptcy code and this Court unquestionably lacks subject matter jurisdiction. The Complaint is ripe for dismissal.

## STATEMENT OF FACTS

The Debtors filed their petition in the underlying bankruptcy case on December 18, 2015. [Doc. 1], p. 3, ¶ 5. Nationstar is the servicer of the Debtors' mortgage loan on behalf of U.S. Bank National Association as Indenture Trustee for Springleaf Mortgage Loan Trust 2013-2, Mortgage-Backed Notes Series 2013-2 ("U.S. Bank"). *See* [Claim No. 6]. U.S. Bank is the holder of the deed of trust that secures repayment of the loan. *See* [Claim 6-1, Part, p. 14]. The Debtors' Chapter 13 Plan was confirmed on January 28, 2016, and provided for a cure of their mortgage arrears and maintenance of ongoing payments through the Chapter 13 Trustee. *See* [Doc. 1], pp. 3-4, ¶¶ 9, 12.

The Debtors allege that the made all their plan payments on time and that the Trustee transmitted all payments to Nationstar. *Id.* at p. 4, ¶¶ 17-20. An Order of Discharge was entered on May 20, 2020. *Id.* at p. 5, ¶ 23. One month prior, on April 21, the Debtors received a statement from Nationstar "reflecting a payment amount due of $5,651.40." *Id.* at ¶ 21. The statement at issue is titled "INFORMATIONAL STATEMENT" and contains numerous disclaimers, including (1) "[w]e are sending this statement to you for information and compliance purposes only; it is not an attempt to collect a debt against you"; (2) [i]f your Bankruptcy Plan requires you to send your regular monthly payment to the Trustee, you continue to pay the Trustee per your plan. Please contact your attorney or the Trustee if you have any questions"; and (3) "[t]he information disclosed on the periodic statement may not include

payments you have made to the Trustee and may not be consistent with the Trustee's records." *See* [Doc. 1-2].

Following the Debtors' receipt of a discharge, they allege that Nationstar sent them letters throughout June 2020 either advising them that their mortgage was past due or that a new "Dedicated Loan Specialist" was assigned to them to assist with any issues. *See* [Doc. 1] at pp. 5-7, ¶¶ 24-44. Then "[o]n June 17, 2020, the Chapter 13 Trustee filed a Notice of Final Cure Payment to Mr. cooper pursuant to Bankruptcy Rule 3002.1(f)." *Id.* at p. 7, ¶ 37. "The Notice of Final Cure further reflected that Debtors' next post-petition payment of $964.65 would be due June 2020." *Id.* at ¶ 39. U.S. bank filed a response to the Notice of Final Cure Payment on July 7, 2020, indicating that it agreed that all pre-petition arrears were paid and that all post-petition contractual payments were made and that the loan was current and due for the June 2020 payment. *Id.* at p. 8, ¶ 45.

Following U.S. Bank agreeing that the loan was current and due for June 2020, the Debtors allege that it began sending them letters again on July 21, 2020, indicating that their loan was past due. *Id.* at ¶ 46. This makes sense, as the Debtors did not make any payments following the Trustee's final cure payment until July 22. *Id.* at ¶ 47. The Debtors then allege that they continually sent in monthly mortgage payments by money order and that Nationstar sent them a statement each month through January 2021. *See id.* at pp. 9-10, ¶¶ 54-65. The Debtors claim that at least one statement, from November 2020, reflected "an erroneous amount due." *Id.* at ¶ 57. Prior to setting forth their individual claims against Nationstar, the Debtors alleged the following:

> 66. The Debtors were in compliance with their Chapter 13 plan at all times.
> 67. The Defendant is in violation of the automatic stay in attempting to collect a debt.
> 68. The Defendant has failed to comply with the Order Confirming the Debtors'

> Chapter 13 Plan and properly crediting the Trustee's payments.
> 69. The Defendant's actions or inactions deprived Plaintiffs of a fair accounting of their debt under the loan contract.
> 70. The Defendant's actions were not harmless. The Plaintiffs have been threatened with a foreclosure action within approximately twenty (20) days after the entry of the Order of Discharge based on improperly alleged unpaid mortgage payments.
> 71. As a result of the Defendant's negligence in failing to properly apply Plaintiffs' plan payments to cure the arrears, Plaintiffs have suffered damages, including attorney's fees, costs of this action, and additional stress due of believing a foreclosure could be imminent.
> 72. The Plaintiffs have also been unable to obtain their fresh start after successfully completing their Chapter 13 case with this Court.
> 73. The Defendant does not have the proper procedures in place to properly credit Chapter 13 Trustee payments and correctly process the Notice of Final Cure that the Chapter 13 Trustee is required to file.

*Id.* at ¶¶ 66-73.

## ARGUMENT AND CITATION OF AUTHORITY

A. **STANDARD OF REVIEW**

*1. Rule 12(b)(1)*

Challenges to subject matter jurisdiction come in two forms – facial and factual. *Gentek Bldg. Prods. Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007) (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)).

> A facial attack on the subject-matter jurisdiction alleged in the complaint questions merely the sufficiency of the pleading. *Id.* When reviewing a facial attack, a district court takes the allegations in the complaint as true, which is a similar safeguard employed under 12(b)(6) motions to dismiss. *Id.* If those allegations establish federal claims, jurisdiction exists.
>
> Where, on the other hand, there is a factual attack on the subject-matter jurisdiction alleged in the complaint, no presumptive truthfulness applies to the allegations. *Id.* When a factual attack, also known as a "speaking motion," raises a factual controversy, the district court must weigh the conflicting evidence to arrive at the factual predicate that subject-matter does or does not exist. *Id.* In its review, the district court has wide discretion to allow affidavits, documents, and even a limited evidentiary hearing to resolve jurisdictional facts. *Id.* (citing *Williamson v. Tucker,* 645 F.2d 404, 413 (5th Cir.1981) and *Mortensen v. First Fed. Sav. & Loan Ass'n,* 549 F.2d 884, 891 (3d Cir.1977)).

4

*Id.*

Bankruptcy courts derive their jurisdiction from 28 U.S.C. §§ 157(a) and 1334(b). These statutes give bankruptcy courts the power to hear cases "arising under title 11, or arising in or related to cases under title 11." *Celotex Corp. v. Edwards*, 514 U.S. 300, 307 (1995) (quoting 28 U.S.C. § 1334(b)). "'Arising in' and 'arising under' actions include matters 'that arise only in bankruptcy cases' such as adversary proceedings and contested matters concerning issues contained in or provided for by the Bankruptcy Code.'" *Perry v. EMC Mortg. Corp. (In re Perry)*, 388 B.R. 330, 337 (Bankr. E.D. Tenn. 2008) (quoting *Dally v. Bank One, Chicago, N.A. (In re Dally)*, 202 B.R. 724, 727 (Bankr. N.D. Ill. 1996)). "An action is 'related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankruptcy estate.'" *In re Dow Corning Corp.*, 86 F.3d 482, 489 (6th Cir. 1996) (citation omitted).

   2. *Rule 12(b)(6)*

This Court may grant a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) if the complaint does not state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). In considering a motion to dismiss, the Court must treat all well-plead allegations of the Complaint as true. *Id.* However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of

the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

**B.    THIS COURT HAS NO SUBJECT MATTER JURISDICTION TO DETERMINE THE VALIDITY AND AMOUNT OF THE LIEN**

The first claim in the Complaint "requests this Court pursuant to Fed. R. Bankr. Proc. 7001(2) to determine the validity and amount of the lien" "[a]s a result of Defendant's improper recordkeeping in deeming Plaintiffs' mortgage past due and failing to properly apply funds sent by the Chapter 13 Trustee." [Doc. 1], p. 11, ¶ 75. Rule 7002(1) provides that an adversary proceeding can be "a proceeding to determine the validity, priority, or extent of a lien or other interest in property, but not a proceeding under Rule 3012 or Rule 4003(d)." As this Court "explained in *In re Hunter*, 466 B.R. 439 (Bankr. E.D. Tenn. 2012), "'validity means the existence or legitimacy of the lien itself, 'priority' means the lien's relationship to other claims or interests in the collateral, and 'extent' means the scope of the property encompassed by or subject to the lien.'" *Mostoller v. Dover Mortg. Co. (In re Johnson)*, No. 12-3025, 2012 WL 1565125, at *2 (Bankr. E.D. Tenn. May 1, 2012).

To begin with, this Court has no subject matter jurisdiction over the claim – whatever the claim is. Rule 7001(2) is a procedural rule only. *See* Fed. R. Civ. P. 7001, Advisory Committee Notes. Thus, it does not create a substantive cause of action. Construing the Complaint liberally, it appears that the Plaintiffs want a declaratory judgment from this Court concerning "the validity and amount of the lien," but there must be "an independent basis for federal subject matter jurisdiction" before a declaratory judgment can be issued. *Heydon v. MediaOne of Southeast Mich., Inc.*, 327 F.3d 466, 470 (6th Cir. 2003) (citations omitted).

Here, the Debtors' claim does not arise under title 11 and does not arise in a case under title 11 since such claims encompass "matters that arise only in bankruptcy cases." *In re Perry*,

6

388 B.R. at 337. There is nothing unique to bankruptcy about challenging mortgage loan payment applications and these claims are routinely addressed outside of the bankruptcy context. *See, e.g., Lanton v. Ocwen Loan Servicing, LLC*, 793 F. App'x 398, 400 (6th Cir. 2019). That only leaves the possibility of "related to" jurisdiction, but that cannot exist because the plan here is complete and the Debtors have received a discharge, which means that a judgment cannot "in any way impact[ ] upon the handling and administration of the bankruptcy estate." *See In re Dow Corning Corp.*, 86 F.3d at 489; *Otero v. Green Tree Servicing, LLC (In re Otero)*, No. 12-1309-T, 2013 WL 4017142, at *2 (Bankr. D.N.M. Aug. 6, 2013) (citations omitted) (no "related to" jurisdiction when plan is complete and there is no estate that could benefit from judgment). Since there is no subject matter jurisdiction over the first claim in the Complaint, it must be dismissed.

Even if there was subject matter jurisdiction, the Debtors have still failed to state a claim. Rule 7001(2) only encompasses claims related to the "validity, priority, or extent of a lien or other interest in property." The Debtors' claim does not encompass any of these. Instead, it focuses only on the amount of the debt following alleged payment misapplications. This is not proper under Rule 7001(2). *See Dudley v. Buffalo Rock Co.*, No. 2:19-cv-00519-RDP, 2021, WL 1164380, at *4 (N.D. Ala. March 26, 2021). As such, the Debtors' claim under Rule 7001(2) must be dismissed.

C.    **THIS COURT HAS NO SUBJECT MATTER JURISDICTION OVER CLAIMS FOR INTENTIONAL MISREPRESENTATION, NEGLIGENT MISREPRESENTATION, NEGLIGENCE, BREACH OF CONTRACT, TILA, OR THE FDCPA**

Except for the last claim in the Complaint – for alleged violations of the automatic stay – every other claim is brought under either state law or federal non-bankruptcy law. *See* [Doc. 1] at ¶¶ 76-103.Such claims do not arise under title 11 because the causes of action are not under the Bankruptcy Code and they do not arise in a case under title 11 because those claims are those

7

that can *only* arise in a bankruptcy case. *See In re Perry*, 388 B.R. at 337; *see also Best Bank, SSB v. Prince (In re Prince*, Nos. 108-0146, 108-0164, 2008 WL 4498948, at *2 (Bankr. M.D. Tenn. Aug. 19, 2008) (citing *In re Wolverine Radio Co.*, 930 F.2d 1132 (6th Cir. 1991)). State law and federal non-bankruptcy claims certainly do not arise *only* in bankruptcy cases. In fact, the Sixth Circuit has stated that "claims such as 'lender liability [and] common law fraud . . . are not ones which 'arise in' a title 11 case because they could arise in cases other than bankruptcy proceedings.'" *Grant. Konvalinka & Harrison, P.C. v. Still (In re McKenzie)*, 471 B.R. 884, 897 (Bankr. E.D. Tenn. 2012) (quoting *Sanders Confectionary Prods., Inc. v. Heller Fin., Inc.*, 973 F.2d 474, 483 n.4 (6th Cir. 1993)). Thus, the only basis for this Court to hear the claims could be under its "related to" jurisdiction. However, that does not exist here because there is no estate which can benefit from any recovery since the plan is complete and the Debtors have received a discharge. *See In re Dow Corning Corp.*, 86 F.3d at 489; *In re Otero*, 2013 WL 4017142, at *2; *Atwood v. GE Money Bank*, 452 B.R. 249, 256 n.19 (Bankr. D.N.M. 2011). As such, all claims except the final claim in the Complaint for violation of the automatic stay should be dismissed for lack of subject matter jurisdiction.

**D.    THE DEBTORS HAVE FAILED TO STATE A CLAIM FOR INTENTIONAL MISREPRESENTATION**

Even if this Court concludes that it has subject matter jurisdiction over the state law and federal non-bankruptcy claims, the Debtors have still failed to state any claim upon which relief can be granted. The first of the state law claims is for intentional misrepresentation, or fraud. *See* [Doc. 1], p. 11, ¶¶ 76-79. The Debtors claim that "by informing Plaintiffs that their mortgage loan was in default, [Nationstar] intentionally made misrepresentations which were false when the misrepresentations were made" and that "[i]n each mortgage statement improperly showing

8

that Plaintiffs were in default, [Nationstar] intentionally ignored the Chapter 13 Trustee's Notice of Final Cure and intentionally misrepresented the status of Plaintiff's loan." *Id.* at ¶¶ 77-78.

> To recover for intentional misrepresentation, a plaintiff must prove: (1) that the defendant made a representation of a present or past fact; (2) that the representation was false when it was made; (3) that the representation involved a material fact; (4) that the defendant either knew that the representation was false or did not believe it to be true or that the defendant made the representation recklessly without knowing whether it was true or false; (5) that the plaintiff did not know that the representation was false when made and was justified in relying on the truth of the representation; and (6) that the plaintiff sustained damages as a result of the representation.

*Thompson v. Bank of Am., N.A.*, 773 F.3d 741, 751 (6th Cir. 2014) (quoting *Hodge v. Craig*, 382 S.W.3d 325, 343 (Tenn. 2012).

Claims of fraud must be pleaded with particularity under Fed. R. Civ. P. 9(b). *Id.* "[T]o satisfy Rule 9(b), a plaintiff must (1) specify the time, place and content of the alleged misrepresentations, (2) identify the fraudulent scheme and the fraudulent intent of the defendant, and (3) describe the injury resulting from the fraud." *Id.* (citation omitted).

Here, the Debtors have failed to plead the elements of fraud and failed to plead with particularity. The gravamen of their claim is that Nationstar advised them that their loan was past due for erroneous amounts. However, that is the extent of their allegations. There are no facts pleaded to show that the Debtors relied on any of these alleged misrepresentations to their detriment. In fact, the Debtors affirmatively pleaded that they did *not* rely on the supposed misrepresentations because they alleged that they only paid $970.00 or $975.00 in response to statements showing a much higher amount due. *See* [Doc. 1], ¶¶ 48-65. In addition to failing to plead reasonable reliance, the Debtors pleaded no facts showing how they were damaged by any alleged fraud. The Complaint says only in a conclusory fashion that "Defendant is liable to the Plaintiffs for all natural, proximate, and consequential damages due to their intentional misrepresentation." [Doc. 1] at ¶ 79. The Debtors also did not "identify the fraudulent scheme

9

and the fraudulent intent of the defendant." The fraud claim fails as a matter of law and must be dismissed.

E.   **THE DEBTORS HAVE FAILED TO STATE A CLAIM FOR NEGLIGENT MISREPRESENTATION**

Next, the Debtors essentially repeat their fraud claim but repackage it as a claim for negligent misrepresentation. *See* [Doc. 1], ¶¶ 81-83. Such a claim, like fraud, must be pleaded with particularity under Rule 9(b). *Thompson*, 773 F.3d at 751.

> Regarding the separate tort of negligent misrepresentation, Tennessee has adopted the definition found in the Restatement (Second) of Torts § 552, which strictly limits the tort to "commercial" or "business" transactions. *Hodge,* 382 S.W.3d at 344–45; *Robinson v. Omer,* 952 S.W.2d 423, 427 (Tenn.1997); Restatement (Second) of Torts § 552(1) & cmt. a. *752 Tennessee's formulation of the tort creates liability only when:
>
>> (1) the defendant is acting in the course of his business, profession, or employment, or in a transaction in which he has a pecuniary (as opposed to gratuitous) interest; and (2) the defendant supplies faulty information meant to guide others in their business transactions; and (3) the defendant fails to exercise reasonable care in obtaining or communicating the information; and (4) the plaintiff justifiably relies upon the information.
>
> *Robinson*, 952 S.W.2d at 427 (quoting *John Martin Co. v. Morse/Diesel, Inc.*, 819 S.W.2d 428, 431 (Tenn. 1991)).

*Thompson*, 773 F.3d at 751–52.

Here, the claim fails for largely the same reasons as the fraud claim. There are no allegations of any reliance by the Debtors and no facts regarding damages. Just like the fraud claim, the Debtors say only that "Defendant is liable to the Plaintiffs for all natural, proximate, and consequential damages due to their negligent misrepresentation." [Doc. 1] at ¶ 83. This conclusory allegation does not satisfy the heightened pleading standard or even the standard pleading standard. The claim of negligent misrepresentation fails and should be dismissed.

F.  **THE DEBTORS HAVE FAILED TO STATE A CLAIM FOR NEGLIGENCE**

In the fourth claim in the Complaint, the Debtors attempt to set forth a claim of negligence. [Doc. 1] at ¶¶ 84-88. The claim is based on the allegations that "by improperly informing Plaintiffs that their mortgage loan was in default, [Nationstar] was negligent in failing to properly correct its accounting records as well as its failure to apply payments properly." *Id.* at ¶ 85. "To establish a claim for negligence, a plaintiff must demonstrate (1) a duty of care owed by the defendant to the plaintiff; (2) conduct by the defendant falling below the applicable standard of care; (3) an injury or loss; (4) causation in fact; and (5) proximate, or legal, causation." *Layne v. Ocwen Loan Servicing, LLC*, No. 4:17-CV-4, 2018 WL 1524608, at *6 (E.D. Tenn. March 28, 2018) (citation omitted).

Here, the claim immediately fails because Nationstar does not owe any common law duties to the Debtors. "With respect to financial institutions in particular, 'Tennessee does not impose a common law duty on [such] institutions with respect to their customers, depositors, or borrowers,' absent special circumstances." *Id.* at *7 (quoting *Permobil, Inc. v. Am. Express Travel Related Servs. Co.*, 571 F. Supp. 2d 825, 842 (M.D. Tenn. 2008)). "This general rule, moreover, has been expressly extended to the relationship between loan servicers and borrowers." *Id.* (citing *Vaughter v. BAC Home Loans Servicing, LP*, No. 3:11-CV-00776, 2012 WL 162398, at *5 (M.D. Tenn. Jan. 19, 2012)). Since Nationstar owes no duty to the Debtors, the negligence claim fails as a matter of law.

G.  **NATIONSTAR IS NOT IN PRIVITY OF CONTRACT WITH THE DEBTORS SO IT CANNOT BE LIABLE FOR BREACH OF CONTRACT**

Next, in the fifth claim in the Complaint, the Debtors allege that Nationstar is liable for breach of contract because it "breached the contract created by the parties by the loan documents, Deed of Trust, and subsequent assignments by sending improper and false mortgage statements

11

and correspondence." [Doc. 1] at ¶ 90. To plead a breach of contract claim under Tennessee law, a plaintiff must allege the existence of an enforceable contract, a breach of that contract, and damages resulting from the breach. *LifeMed, Inc. v. AMC-Tennessee, Inc.*, 183 S.W.3d 1, 26 (Tenn. Ct. App. 2005).

Here, the claim fails first and foremost because there is no privity of contract with Nationstar. "Privity of Contract is an essential element to an action founded on the breach of contract." *O'Connel v. Seterus, Inc.*, No. 13-cv-2916-dkv, 2015 WL 11117943, at *1 (W.D. Tenn. March 27, 2015) (quoting *Tipton v. Sparta Water Co.*, 57 S.W.2d 793, 795 (Tenn. 1933)). The parties to the loan documents are the Debtors and U.S. Bank. Nationstar is not a party. In a similar case, the Western District of Tennessee found that a loan servicer, "having never been a party nor signatory to the Deed of Trust, was never in privity of Contract." *Id.* Because the Debtors cannot prove this threshold element, the breach of contract claim must be dismissed.

In addition to the lack of privity, the Debtors have also failed to plead any facts showing "damages resulting from the [alleged] breach." *See LifeMed*, 183 S.W.3d at 26. The Complaint says only that "Defendant is liable to the Plaintiffs for all natural, proximate, and consequential damages" but sets forth no facts demonstrating what those damages actually are. *See* [Doc. 1] at ¶ 91. This fails to satisfy the *Twombly* and *Iqbal* pleading standards and the claim must be dismissed.

**H.     THERE IS NO PRIVATE CAUSE OF ACTION AGAINST SERVICERS UNDER 15 U.S.C. § 1639f**

In the sixth count, the Debtors allege that Nationstar violated 15 U.S.C. § 1639f[1] -- part of the Truth in Lending Act ("TILA") – because it allegedly "failed to credit payments to Plaintiffs' account as of the date of receipt of said payments." [Doc. 1] at ¶ 93. Due to this claimed violation, the Debtors assert that they "are entitled to damages pursuant to 15 U.S.C. § 1640 for each violation." *Id.* at ¶ 98.

> The plain language of § 1639f does not create a private cause of action. *See* 15 U.S.C. § 1639f. Rather, the provision of TILA that creates a private cause of action is § 1640(a), which states in relevant part: "[A]ny ***creditor*** who fails to comply with any requirement imposed under this part . . . with respect to any person is liable to such person." 15 U.S.C. § 1639(a) (emphasis supplied by court). The statute refers only to a creditor's liability – not a loan servicer's. 'Court's applying TILA uniformly hold that there is no servicer liability under TILA." *Lucien v. Fed. Nat'l Mortg. Ass'n*, 21 F. Supp. 3d 1379, 1383 (S.D. Fla. 2014).

*Barnes v. Carrington Mortg. Servs., LLC*, No. 15-6465(CCC-MF), 2016 WL 3018693, at *1 (D.N.J. May 24, 2016).

In a published opinion, the Sixth Circuit held that servicers cannot be liable under TILA because TILA expressly exempts servicers from liability unless the servicer was also a creditor or a creditor's assignee." *Marais v. Chase Home Fin. LLC*, 736 F.3d 711, 718 (6th Cir. 2013). Since Nationstar is only a servicer and U.S. Bank is the creditor's assignee, Nationstar cannot be held liable under TILA and the Debtors' claim must be dismissed.

**I.     THE DEBTORS HAVE FAILED TO STATE A CLAIM UNDER THE FDCPA**

In their seventh claim, the Debtors allege that Nationstar violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.* by (1) its "failure to properly account for Plaintiffs' payments and failure to properly keep its records"; (2) demand[ing] an

---

[1] The Debtors erroneously refer to the statute as 15 U.S.C. § 1639(f). The addition of the parentheses makes a significant difference, as there is a 15 U.S.C. § 1639(f) and 15 U.S.C. § 1639f, but the statutory language quoted in the Complaint is from § 1639f.

13

amount due from Plaintiffs which is inaccurate and inflated; (3) false representations of the legal status of the debt; and (4) attempting to collect [ ] improper amounts as well as sending default notices." [Doc. 1] at ¶¶ 101-102.

"To succeed on a claim under the FDCPA, a plaintiff must show that the money or property being collected qualifies as a 'debt.' Second, the collecting entity must qualify as a 'debt collector.' Third, a plaintiff must show that the debt collector violated a provision of the FDCPA." *Stamper v. Wilson & Assocs., P.L.L.C.*, No. 3:09-cv-270, 2010 WL 1408585, at *3 (E.D. Tenn. March 31, 2010). Under the FDCPA, an aggrieved plaintiff can recover "any actual damage sustained by such person as a result of such failure" to comply with the Act, and "in the case of any action by an individual, such damages as the court may allow, but not exceeding $1,000." 15 U.S.C. § 1692k(a)(1)-(2)(A). The recovery of actual damages is not permitted unless a plaintiff sets forth sufficient allegations in their complaint supporting such damages. *Douglas v. Southstar Funding, LLC*, No. 1:18-CV-1802-MLB-JSA, 2018 WL 6136792, at *8 (N.D. Ga. Oct. 18, 2018) (citing *Emanuel v. Am. Credit Exch.*, 870 F.2d 805, 809 (2d Cir. 1989)) (citations omitted). On the other hand, statutory damages (which cannot exceed $1,000) can be recovered without a showing of actual damages. *Fed. Home Loan Mortg. Corp. v. Lamar*, 503 F.3d 504, 513 (6th Cir. 2007).

First, the Debtors have failed to properly allege that Nationstar is a debt collector as defined by the FDCPA. To show that a defendant qualifies as a debt collector, facts must be pleaded, and conclusory allegations that a defendant is a debt collector are improper. *Bridge v. Ocwen Federal Bank, FSB*, 681 F.3d 355, 366 (6th Cir. 2012). Simply "label[ing] the [ ] Defendant[ ] as [a] debt collector[ ] . . . is plainly a legal conclusion that is not entitled to be credited as true on a motion to dismiss." *Id.* at 365-66 (citation omitted). Under the FDCPA,

14

> The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

15 U.S.C. § 1692a(6).

Here, the Debtors have said only that "[Nationstar] is engaged in the business of collection of debts from consumers using the bankruptcy courts and appear in numerous bankruptcy cases across the county" and is therefore a debt collector. [Doc. 1] at ¶ 100. This statement is a "naked assertion[ ] devoid of further factual enhancement" that cannot be taken as true on a motion to dismiss. *Bridge*, 681 F.3d at 366 (quoting *Iqbal*, 129 S.Ct. at 1949). Even taking the allegations as true does not does not result in a finding that Nationstar is a debt collector. The statutory definition does not care how many bankruptcy cases one appears in. Instead, the focus is on the party's principal purpose of doing business or regular attempts to collect debts through instrumentalities of interstate commerce. *See* 15 U.S.C. § 1692a(6). In short, the Plaintiffs alleged no *facts* whatsoever to show that Nationstar qualifies as a debt collector and their FDCPA claim must be dismissed.

If the Plaintiffs had alleged facts to show Nationstar is a debt collector, they have still failed to allege that they have suffered any actual damages. The Complaint does not detail any facts regarding damages as the result of any FDCPA violations, and states only that "Defendant is liable for Plaintiffs for actual damages, statutory damages, punitive damages, and attorney

15

fees."[2] [Doc. 1] at ¶ 103. Because they have failed to allege any facts showing actual damages, if the FDCPA claim can move forward, it should only be on the basis of possible statutory damages.

**J.    THE DEBTORS HAVE FAILED TO STATE A CLAIM FOR A VIOLATION OF THE AUTOMATIC STAY**

In the final claim in the Complaint, the Debtors allege that Nationstar violated the automatic stay "by identifying Plaintiffs' mortgage to be in default alongside their filing of the Response to the Trustee's Notice of Final Cure showing the mortgage to be current" and by its "failure to apply the Plaintiffs' payments timely . . . ." [Doc 1] at p. 15, ¶¶ 105-106.

The automatic stay provided for by 11 U.S.C. § 362 ceases to be in effect once a discharge is granted. *See* 11 U.S.C. § 362(c)(2)(B). As such, the automatic stay was no longer in effect in the underlying bankruptcy case as of May 20, 2020. *See* [Doc. 1] at p. 5, ¶ 23. The filing of the Response to the Trustee's Notice of Final Cure was not made until July 7, 2020. *Id.* at p. 8, ¶ 45. Since there was no automatic stay in place then, nothing that Nationstar did "alongside [its] filing of the Response" could have been a violation of the stay.

With respect to the allegation that Nationstar "fail[ed] to apply the Plaintiffs' payments timely," there are no facts alleged in the Complaint that Nationstar failed to do this at any time prior to May 20, 2020. The Debtors reference "a statement dated April 21, 2020 from Mr. Cooper reflecting a payment amount due of $5,651.40", *id.* at ¶ 21, but there are no allegations that Nationstar misapplied any payments it received in calculating this past due balance. In any event, it is not a violation of the automatic stay to misapply payments. *Rodriguez v. Countrywide Home Loans, Inc.*, 421 B.R. 356, 367-68 (Bankr. S.D. Tex. 2009). When a debtor makes a voluntary payment – even pursuant to a plan or order – the payment becomes property of the

---

[2] Punitive damages are *never* available under the FDCPA. *See* 15 U.S.C. § 1692k.

payee and not the estate. *Id.* Thus, if misapplied, it was a misapplication of the creditor's own property, not the estate's property. *Id.* The Debtors have failed to state a claim for any violation of the automatic stay and their claim should be dismissed.

## CONCLUSION

Based in the foregoing, Nationstar respectfully requests that this Court grant its Motion to Dismiss.

Respectfully submitted, this 13th day of May, 2021.

>  */s/ Bret J. Chaness*
> BRET J. CHANESS (BPR # 31643)
> **RUBIN LUBLIN TN, PLLC**
> 3145 Avalon Ridge Place, Suite 100
> Peachtree Corners, GA 30071
> (678) 281-2730 (Telephone)
> (470) 508-9203 (Facsimile)
> bchaness@rlselaw.com
>
> *Attorney for Nationstar Mortgage LLC d/b/a Mr. Cooper*

## CERTIFICATE OF SERVICE

I hereby certify that on May 13th, 2021, the within and foregoing was filed via CM/ECF, which will serve notice on all parties.

> */s/ Bret J. Chaness*
> BRET J. CHANESS (BPR # 31643)