**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION**

| | |
|---|---|
| IN RE:<br><br>LEWIS EDWIN CULBERSON and<br>PATRICIA DIANNE CULBERSON,<br><br>    Debtors. | Case No. 1:15-bk-15519-SDR<br>Chapter 13 |
| LEWIS EDWIN CULBERSON and<br>PATRICIA DIANNE CULBERSON,<br><br>    Plaintiffs,<br><br>v.<br><br>NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER,<br><br>    Defendant. | Adversary No. 1:21-ap-01012-SDR |

**NATIONSTAR'S BRIEF IN SUPPORT OF ITS RESPONSE IN OPPOSITION TO THE PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT**

COMES NOW, Nationstar Mortgage LLC d/b/a Mr. Cooper ("Nationstar"), and files this Brief in Support of its Response in Opposition to the Plaintiffs' Motion for Leave to Amend Complaint [Doc. 20], respectfully showing this Honorable Court as follows:

**RELEVANT FACTS AND PROCEDURAL HISTORY**

This action was filed on March 18, 2021, raising several claims that are primarily related to Nationstar's post-discharge handling of the Plaintiffs' mortgage loan. Nationstar moved to dismiss all claims on May 13, 2021 (the "Motion to Dismiss"). [Doc. 8]. In the Motion to Dismiss, Nationstar argued that this Court lacks subject matter jurisdiction to hear any claim except for the Plaintiffs' claim under 11 U.S.C. § 362, and that claim (as well as all other claims

1

if the Court did have subject matter jurisdiction) failed to state a claim upon which relief can be granted. *See* [Doc. 8-1]. The Motion to Dismiss was fully briefed and a hearing was held on August 5, 2021. Then, four days after the hearing and almost five months after this case was filed, the Plaintiffs filed a Motion for Leave to Amend their Complaint ("Motion for Leave"). [Doc. 20]. The Motion for Leave asks for permission to file an Amended Complaint (the "Proposed Amendment") that is almost identical in all respects to the original Complaint, except for the following changes:

- A new paragraph 107 was added, stating the following:

    This willful violation of the automatic stay by the Defendant has caused the Plaintiffs to suffer damages. Not only were they forced to reopen their bankruptcy case due to threats of foreclosure, but when the Defendant misapplied the payments it was receiving under the confirmed plan, which they were not owed based on both the Trustee's Notice of Final Cure and the Defendant's Response to said notice, Defendant was causing the Plaintiffs to suffer damages due to the improper collection during the bankruptcy case.

    [Doc. 20-2] at ¶ 107.

- The addition of a new claim under 11 U.S.C. § 524(i). *Id.* at ¶¶ 110-113.

Neither addition can save the Plaintiffs' case from dismissal. This Court should deny the Motion to Leave as futile and grant the Motion to Dismiss.

### ARGUMENT AND CITATION OF AUTHORITY

**A.     THE PROPOSED AMENDMENT IS FUTILE FOR THE SAME REASONS AS THE ORIGINAL COMPLAINT**

The Sixth Circuit has held that a motion for leave to amend a complaint can be denied when the proposed amendment would be futile, in that it "would not survive a motion to dismiss . . . ." *Thiokol Corp. v. Dept. of Treasury, State of Mich.*, 987 F.2d 376, 383 (6th Cir. 1993) (citing *Neighborhood Dev. Corp. v. Advisory Council on Historic Preservation*, 632 F.2d 21, 23 (6th Cir. 1980)); *see also Rise v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir.

2000). As noted above, the Plaintiffs' Proposed Amendment is almost identical to their original Complaint. A Motion to Dismiss the original Complaint was fully briefed, heard, and taken under advisement by this Court at the time that the Motion for Leave was filed. The Proposed Amendment fails for the same reasons as the original Complaint (the two additions to the Proposed Amendment will be addressed below) and this Court should find that it is futile. Nationstar incorporates by reference its Memorandum of Law in Support of its Motion to Dismiss and re-urges all its arguments raised therein for why the Proposed Amendment is subject to dismissal. [Doc. 8-1]. The Motion for Leave should be denied and Nationstar's Motion to Dismiss should be granted.

**B.    THE PROPOSED AMENDMENT FAILS TO STATE A CLAIM FOR ANY VIOLATION OF THE AUTOMATIC STAY**

The Plaintiffs added one paragraph to the Proposed Amendment within their claim under 11 U.S.C. § 362. The Plaintiffs explain the following about this small change in the brief in support of the Motion for Leave:

> Specifically, Plaintiffs plead with particularity the fact that misapplication of payments received under a confirmed plan is an example of a willful violation of the automatic stay. This is a crucial alteration to the approach to the pleaded facts because a misapplication by a creditor of the Chapter 13 payments made by a debtor has been continuously deemed a violation of the automatic stay by other bankruptcy courts. This alteration also pivots the discussion from "pre-discharge action" versus "post-discharge action" to actions taken by Defendant which affected each and every payment made by Plaintiff throughout the lifecycle of the Chapter 13 case. In short, each of Mr. Cooper's actions in misapplying payments violated the automatic stay and this Court's Order Confirming the Chapter 13 Plan. [Doc No. 19 in Main Case].

[Doc. 20-3] at pp. 4-5.

However, this addition is not as "crucial" as the Plaintiffs think it is because the "approach to the pleaded facts" is meaningless when the pleaded facts themselves did not change. In fact, Nationstar's argument in the Motion to Dismiss assumed for the sake of

3

argument that the Plaintiffs were trying to bring a claim for a violation of the automatic stay based on a payment misapplication:

> With respect to the allegation that Nationstar "fail[ed] to apply the Plaintiffs' payments timely," there are no facts alleged in the Complaint that Nationstar failed to do this at any time prior to May 20, 2020. The Debtors reference "a statement dated April 21, 2020 from Mr. Cooper reflecting a payment amount due of $5,651.40", *id.* at ¶ 21, but there are no allegations that Nationstar misapplied any payments it received in calculating this past due balance.

[Doc. 8-1] at p. 16.

The Plaintiffs added no facts to the Proposed Amendment to address this deficiency and there are still no facts before the Court alleging that any payments under the confirmed plan were misapplied. Moreover, the additional paragraph in the Proposed Amendment is nonsensical. The Proposed Amendment says "the Defendant misapplied the payments it was receiving under the confirmed plan, which they were not owed based on both the Trustee's Notice of Final Cure and the Defendant's Response to said notice . . . ." [Doc. 20-2] at ¶ 107. How can a payment not be owed despite the payment being made pursuant to the confirmed plan? Clearly the confirmed plan obligated the payment to be made. One needs to do a double or triple take to try to understand what is being said here, but the meaning is still out of reach. Regardless, there are no *facts* pleaded to show that any payments under the confirmed plan were misapplied prior to the expiration of the automatic stay on May 20, 2020. The Plaintiffs continue to fail to state any claim for a violation of the automatic stay and the Motion for Leave should be denied.

**C.   THERE IS NO PRIVATE CAUSE OF ACTION FOR A VIOLATION OF THE DISCHARGE INJUNCTION**

The second and final addition in the Proposed Amendment is a claim under 11 U.S.C. § 524(i). In this claim, the Plaintiffs allege as follows:

> 111.   Defendant, by failing to credit payments received under the Court's Order Confirming Chapter 13 Plan [Doc No. 19] in a proper manner,

>violated the discharge injunction statutorily provided for pursuant to 11 U.S.C. § 524(a)(2) via 11 U.S.C. § 524(i).
>
>112.  This improper application of payments and failure to credit payments by Defendant caused material injury to the Plaintiffs ranging from an improperly accounted higher balance on their mortgage note, the necessity of reopening their Chapter 13, and creation of serious emotional distress and anxiety due to threatened foreclosure action immediately post-discharge.
>
>113.  Defendant, as a result of its violation of 11 U.S.C. § 524(i) and the discharge injunction, is liable to the Plaintiffs for all actual, statutory, and punitive damages, including costs and attorney fees, and should be held in contempt and be liable for any contempt sanctions imposed by this Court pursuant to 11 U.S.C. § 105.

[Doc. 20-2] at ¶¶ 111-113.

Section 524(i) provides that

>The willful failure of a creditor to credit payments received under a plan confirmed under this title, unless the order confirming the plan is revoked, the plan is in default, or the creditor has not received payments required to be made under the plan in the manner required by the plan (including crediting the amounts required under the plan), shall constitute a violation of an injunction under subsection (a)(2) if the act of the creditor to collect and failure to credit payments in the manner required by the plan caused material injury to the debtor.

Regardless of the facts alleged – or lack thereof – regarding any payment misapplications, the Plaintiffs cannot amend their Complaint to bring a claim under Section 524 because no such claim exists. This was made clear by the Sixth Circuit in *Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 421 (6th Cir. 2000). In *Pertuso*, the Sixth Circuit held that there is no private cause of action for a violation of the discharge injunction and that it can only be enforced by a motion for contempt filed in the main bankruptcy case. *Id.* The Plaintiffs' attorney here is fully aware of this because the same issue was before the Court in one of his prior cases, *Moore v. Comenity Cap. Bank (In re Moore)*, 521 B.R. 280 (Bankr. E.D. Tenn. 2014) (Rucker, J.). In *Moore*, this Court dismissed a claim under Section 524 because *Pertuso* conclusively held that no such claim exists. This Court is bound by *Pertuso* and the Plaintiffs' Proposed Amendment with respect to Section 524 must be found to be futile.

## CONCLUSION

Based on the foregoing, Nationstar respectfully requests that this Court deny the Motion for Leave.

Respectfully submitted, this 27th day of August, 2021.

>*/s/ Bret J. Chaness*
>BRET J. CHANESS (BPR # 31643)
>**RUBIN LUBLIN TN, PLLC**
>3145 Avalon Ridge Place, Suite 100
>Peachtree Corners, GA 30071
>(678) 281-2730 (Telephone)
>(470) 508-9203 (Facsimile)
>bchaness@rlselaw.com
>
>*Attorney for Nationstar Mortgage LLC d/b/a Mr. Cooper*

## CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2021, the within and foregoing was filed via CM/ECF, which will serve notice on all parties.

>*/s/ Bret J. Chaness*
>BRET J. CHANESS (BPR # 31643)