**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION**

| | |
|---|---|
| IN RE:<br><br>LEWIS EDWIN CULBERSON and<br>PATRICIA DIANNE CULBERSON,<br><br>    Debtors. | Case No. 1:15-bk-15519-SDR<br>Chapter 13 |
| LEWIS EDWIN CULBERSON and<br>PATRICIA DIANNE CULBERSON,<br><br>    Plaintiffs,<br><br>v.<br><br>NATIONSTAR MORTGAGE LLC d/b/a MR.<br>COOPER,<br><br>    Defendant. | Adversary No. 1:21-ap-01012-SDR |

**NATIONSTAR'S SUPPLEMENTAL RESPONSE IN OPPOSITION TO THE
PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT**

COMES NOW, Nationstar Mortgage LLC d/b/a Mr. Cooper ("Nationstar"), and files this Supplemental Response in Opposition to the Plaintiffs' Motion for Leave to Amend Complaint [Doc. 20], respectfully showing this Honorable Court as follows:

**INTRODUCTION AND RELEVANT FACTS**

On March 18, 2021, the Debtors filed the instant adversary proceeding. [Doc. 1]. Notably, this adversary was filed almost ten months after the Debtors received a discharge in the underlying bankruptcy case. *See* [Bk. Doc 40]. In the Complaint, one of the claims is under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1592 *et seq.* Nationstar moved to dismiss all the claims in the Complaint, and specifically sought dismissal of the FDCPA claim

1

for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. [Doc. 8]. The argument concerning subject matter jurisdiction focused solely on 28 U.S.C. §§ 157(a) and 1334(b), not Article III standing. *See* [Doc. 8-1] at pp. 7-8.

After a hearing was held on the Motion to Dismiss, the Debtors moved for leave to amend their Complaint. [Doc. 20]. Nationstar opposes that motion for the same reasons it moved to dismiss the original Complaint, including lack of subject matter jurisdiction over the FDCPA claim. [Doc. 21]. On September 28, 2021, this Court entered an Order setting a hearing on the Motion for Leave to Amend, and also directed supplemental briefs on subject matter jurisdiction with respect to the FDCPA claim:

> On August 16, 2021, the United States Court of Appeals for the Sixth Circuit issued an opinion in *Ward v. Nat'l Patient Acct. Servs. Sols., Inc.*, ___ F.4th ___, No. 20-5902, 2021 WL 3616067 (6th Cir. Aug. 16, 2021). In *Ward*, the Sixth Circuit decided that the plaintiff lacked Article III standing to sue under the Fair Debt Collection Practices Act ("FDCPA") for a procedural violation without a concrete injury in fact. On August 23, 2021, the United States District Court for the Northern District of Illinois issued an opinion in *Twardowski v. Credit Mgmt., L.P.*, No. 20 C 4285, 2021 WL 3722850 (N.D. Ill. Aug. 23, 2021). The plaintiff's FDCPA claim in *Twardowski* was dismissed for lack of Article III standing, and the decision relied on *Pennell v. Glob. Tr. Mgmt., LLC*, 990 F.3d 1041 (7th Cir. 2021). *Twardowski* and *Pennell* are not binding on this Court but might require the Court's attention in conjunction with *Ward*.
> To ensure a full record given recent events, the Court sets the following schedule for further proceedings. On or before **October 15, 2021**, defendant will file a supplemental response to the motion for leave to amend that addresses the impact, if any, of *Ward*, *Twardowski*, and *Pennell* on this case. On or before **October 22, 2021**, plaintiffs will file any reply papers in support of the motion for leave to amend; the reply papers will include plaintiffs' position on *Ward*, *Twardowski*, and *Pennell*.

## ARGUMENT AND CITATION OF AUTHORITY

A.    **THE RECENT FDCPA CASES ARE INAPPLICABLE**

Nationstar asserts that the recent FDCPA cases – *Ward, Twardowski*, and *Pennell* – are inapplicable here. Regardless of whether the Debtors here have alleged a concrete injury in fact,

this Court still lacks subject matter jurisdiction over the FDCPA claim for a reason independent of Article III standing. As argued in the Motion to Dismiss, this Court cannot hear the FDCPA claim because it does not fall within this Court's statutory grant of jurisdiction under 28 U.S.C. §§ 157(a) and 1334(b). *See* [Doc. 8-1] at pp. 7-8. The Debtors' standing – or lack thereof – under Article III is only relevant if the claim is one that could be heard by this Court.

Bankruptcy courts derive their jurisdiction from 28 U.S.C. §§ 157(a) and 1334(b). If a claim does not fall within one of these grants of jurisdiction, this Court must dismiss it. "[B]ankruptcy courts possess no free-floating authority to decide claims traditionally heard by Article III courts" and can only hear cases that fall strictly within its statutory grant of jurisdiction. *Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665, 679 (2015). These statutes give bankruptcy courts the power to hear cases "arising under title 11, or arising in or related to cases under title 11." *Celotex Corp. v. Edwards*, 514 U.S. 300, 307 (1995) (quoting 28 U.S.C. § 1334(b)). "'Arising in' and 'arising under' actions include matters 'that arise only in bankruptcy cases' such as adversary proceedings and contested matters concerning issues contained in or provided for by the Bankruptcy Code.'" *Perry v. EMC Mortg. Corp. (In re Perry)*, 388 B.R. 330, 337 (Bankr. E.D. Tenn. 2008) (quoting *Dally v. Bank One, Chicago, N.A. (In re Dally)*, 202 B.R. 724, 727 (Bankr. N.D. Ill. 1996)). "An action is 'related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankruptcy estate.'" *In re Dow Corning Corp.*, 86 F.3d 482, 489 (6th Cir. 1996) (citation omitted).

The Debtors' claim under the FDCPA does not arise under title 11 because the causes of action are not under the Bankruptcy Code and they do not arise in a case under title 11 because those claims are those that can *only* arise in a bankruptcy case. *See In re Perry*, 388 B.R. at 337;

3

*see also Best Bank, SSB v. Prince (In re Prince*, Nos. 108-0146, 108-0164, 2008 WL 4498948, at *2 (Bankr. M.D. Tenn. Aug. 19, 2008) (citing *In re Wolverine Radio Co.*, 930 F.2d 1132 (6th Cir. 1991)). FDCPA claims certainly do not arise *only* in bankruptcy cases. This is plainly evidenced by the fact that *Pennell* and *Ward* have no connection to a bankruptcy case (*Twardowski* is related to a much earlier discharge). Thus, the only basis for this Court to hear the claims could be under its "related to" jurisdiction. However, that does not exist here because there is no estate which can benefit from any recovery since the plan is complete and the Debtors have received a discharge. *See In re Dow Corning Corp.*, 86 F.3d at 489; *Marshall v. PNC Bank, N.A. (In re Marshall)*, 491 B.R. 217 (Bankr. S.D. Ohio 2012); *In re Otero*, No. 12-1309-T, 2013 WL 4017142, at *2; *Atwood v. GE Money Bank*, 452 B.R. 249, 256 n.19 (Bankr. D.N.M. 2011).

The *Marshall* case is particularly instructive here. In that case, the debtors filed a post-discharge adversary alleging a violation of the discharge injunction and violation of the FDCPA. 491 B.R. at 222. The defendant moved to dismiss the FDCPA claim for lack of subject matter jurisdiction. After the debtor conceded that the claim did not arise under title 11 or arise in a case under title 11, the Court then analyzed whether it had "related to" jurisdiction. *Id.* at 228-230. The court concluded that because the claim arose post-petition, "any recovery on the FDCPA claim will have no impact on the administration of the Debtor's estate." *Id.* at 230. In a footnote, the Court correctly noted that *Marshall* was distinguishable from FDCPA cases filed while there was still an estate left to administer and courts found there was "related to" jurisdiction. *Id.* at 230 n.11.

Here, as argued in Nationstar's Motion to Dismiss, there is no estate left to administer. *See* [Doc. 8-1] at p. 8; [Doc. 14] at pp. 1-2. There is no viable argument for this Court to be able to assert subject matter jurisdiction over the FDCPA claim regardless of the Debtors' standing.

4

As such, this Court should conclude that the Debtors' FDCPA claim in its initial Complaint and proposed Amended Complaint is not viable.

**B.     THE DEBTORS LACK ARTICLE III STANDING**

Even if this Court had "related to" jurisdiction over the FDCPA claim, this Court should conclude that the Debtors lack Article III standing to assert the claim. The claim in the initial Complaint and Proposed Amended Complaint states as follows:

> 101. Defendant's failure to properly account for Plaintiffs' payments and failure to properly keep its records serve as violations of the FDCPA. The violations stem from engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Defendant has also demanded an amount due from Plaintiffs which is inaccurate and inflated which violates and breaches the contract between the parties. As a result, Defendant has violated §§ 1692(d), 1692(e)(2), 1692(f), and 1692(f)(1) of the FDCPA.
> 102. The false representations of the legal status of the debt by the Defendant is a direct violation of the FDCPA. Attempting to collect the improper amounts as well as sending default notices are also violations of the FDCPA.
> 103. As a result of these violations of the FDCPA, Defendant is liable to the Plaintiffs for actual damages, statutory damages, punitive damages, and attorney fees.

[Doc. 1] at p. 14, ¶¶ 101-103; [Doc. 20-2] at p. 14, ¶¶ 101-103.

Earlier in the Complaint and Proposed Amended Complaint, the Debtors claimed that they "suffered damages, including attorney's fees, costs of this action, and additional stress due of believing a foreclosure could be imminent." *Id.* at p. 10, ¶ 71.

"To have Article III standing to sue in federal court, a plaintiff must demonstrate, among other things, that they suffered a concrete harm. No concrete harm, no standing." *TransUnion LLC v. Ramirez,* 141 S. Ct. 2190, 2200 (2021). When a party is alleging a statutory violation, such as here, a party can show concrete harm in one of two ways. First, if a plaintiff is alleging only a bare statutory violation without alleging that they suffered any actual damages, the plaintiff "must show that the [statutory violation] resembles a harm traditionally regarded as

5

providing a basis for a lawsuit." *Ward*, 9 F.4th at 362 (citing *TransUnion*, 141 S. Ct. at 2204).[1] "A common-law or historical analogue need not be an 'exact duplicate' to make this showing." *Id.* (citing *TransUnion*, 141 S. Ct. at 2209). Second, a plaintiff can show concrete harm "if he can show a concrete injury that 'flowed from the statutory violation.'" *Id.* at 363 (quoting *Buchholz v. Meyer Njus Tanick, PA*, 946 F.3d 855, 862 (6th Cir. 2020)).

    1. *Lack of concrete injury*

First, Nationstar will address whether the Debtors have properly alleged a concrete injury. They have not. The only claim of a concrete injury is that the Debtors had to retain an attorney and suffered "additional stress." [Doc. 1] at p. 10, ¶ 71; [Doc. 20-2] at p. 10, ¶ 71. Not only is this allegation made expressly in connection to the negligence claim and not the FDCPA claim, *id.*, but if it was made with respect to the FDCPA clam, it is not a concrete injury. The Sixth Circuit has held that "a bare allegation of anxiety is not a cognizable concrete injury." *Garland v. Orland, PC*, 999 F.3d 432, 439 (6th Cir. 2021). Attorney's fees also do not satisfy the requirement because a plaintiff "cannot show concrete harm simply by pointing to the cost of hiring counsel." *Ward*, 9 F.4th at 363. As such, the Debtors have failed to show that they suffered a concrete injury.

    2. *Lack of a harm traditionally regarded as providing a basis for a lawsuit*

---

[1] Nationstar will primarily discuss the impact of *Ward*. Not only is this the only case that is binding on this Court, but it is only one of the three cases that discuss *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2200 (2021), which further clarified the issue of a plaintiff's standing to assert statutory violations without proof of actual damages. *Pennell* was decided prior to *TransUnion*, and *Twardowski* did not mention it. In *Pennell*, the Seventh Circuit categorically held that a plaintiff must have actual damages to assert a claim for a statutory violation. 990 F.3d at 1045. In *Ward*, the Sixth Circuit, relying upon *TransUnion*, clearly held that a plaintiff without actual harm can still have Article III standing if they can show that the [statutory violation] resembles a harm traditionally regarded as providing a basis for a lawsuit." Thus, *Pannell* may have been abrogated by *TransUnion*. *See, e.g., Lupia v. Medicredit, Inc.*, 8 F.4th 1184, 1192 (10th Cir. 2021) (finding arguments based on *Pannell* to be unpersuasive in part because it pre-dates *TransUnion*).

Since the Debtors have not suffered a real, concrete injury, the only way that they can have Article III standing is by "show[ing] that the [statutory violation] resembles a harm traditionally regarded as providing a basis for a lawsuit." *Ward*, 9 F.4th at 362 (citing *TransUnion*, 141 S. Ct. at 2204). The Debtors claim that the statutory violations are "Defendant's failure to properly account for Plaintiffs' payments and failure to properly keep its records" and "[t]he false representations of the legal status of the debt by the Defendant." [Doc. 1] at p. 14, ¶¶ 101-102; [Doc. 20-2] at p. 14, ¶¶ 101-102. The Debtors claim that these actions violated §§ 1692d, 1692e(2), 1692(f), and 1692f(1):

- Section 1692d prohibits "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

- Section 1692e(2) prohibits "the false representation of the character, amount, or legal status of any debt; or any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt."

- Section 1692f generally prohibits "unfair or unconscionable means to collect any debt" and subsection (1) prohibits "the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

To begin with, Section 1692d has no application to the Debtors' allegations. Section 1692d has a non-exhaustive list of examples of conduct that violates the section, and "the examples of oppressive conduct listed in § 1692d concern tactics intended to embarrass, upset, or frighten a debtor. They are likely to cause the 'suffering and anguish' which occur when a debt collector attempts to collect money which the debtor, through no fault of his own, does not

7

have.'" *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 330 (6th Cir. 2006) (quoting *Montgomery v. Huntington Bank*, 346 F.3d 693, 700 (6th Cir. 2003)). Unless a debt collection notice contains a "tone of intimidation", it is not a violation of § 1692d. *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168 (1tth Cir. 1985) (cited with approval by the Sixth Circuit in *Harvey*). "Deception or falsehood alone, however, is wholly different from the conduct condemned in subsections (1) through (6) of § 1692d." *Id.* Since the Debtors have not set forth any allegations that could give rise to a claim under section 1692d, it is not necessary to determine whether a violation of the section has a connection to "a harm traditionally regarded as providing a basis for a lawsuit." *Ward*, 9 F.4th at 362 (citing *TransUnion*, 141 S. Ct. at 2204).

As for Section 1692f, this section "serves as a backstop function, catching those 'unfair practices' which somehow manage to slip by §§ 1692d & 1692e. That is, '§ 1692f allows the court to sanction improper conduct that the FDCPA fails to address specifically.'" *Edwards v. McCormick*, 136 F. Supp. 2d 795, 806 (S.D. Ohio 2001) (quoting *Adams. v. Law Offices of Stuckert & Yates*, 926 F. Supp. 521, 528 (E.D. Pa. 1996) (citation omitted)). The Debtors' allegation that Nationstar made a false representations of the legal status of the debt by the Defendant" is the exact conduct covered by Section 1692e(2), so that cannot serve as the basis for a claim under § 1692f.

The other allegation is that "Defendant's failure to properly account for Plaintiffs' payments and failure to properly keep its records" constitutes a violation of the FDCPA. Specifically, the Debtors reference subsection (1), which prohibits "the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." Court have held that this section does not require *actual* collection, just *attempted* collection (the

debtors here never claim to have paid the disputed amounts). *See, e.g., Thomas v. John A. Youderain Jr., LLC*, 232 F. Supp. 3d 656, 676-77 (D.N.J. 2017) (collecting cases to support that violation of 1692f(1) can be based on *attempted* collection and not actual collection). However, a violation of 1692f(1) has no connection to "a harm traditionally regarded as providing a basis for a lawsuit." *Ward*, 9 F.4th at 362 (citing *TransUnion*, 141 S. Ct. at 2204). Perhaps the closest claim would be breach of contract, but "comparing [the Debtors'] alleged harm with the harm of [breach of contract] reveals why the latter is not an adequate historical analogue." *Id.* This is because a violation of section 1692f(1) can be based on actions completely independent of a contract. "[T]he agreement creating the debt need not expressly authorize the fee if state law permits such a fee even if not specified in the agreement." *West v. Costen*, 558 F. Supp. 564, 582 (W.D. Va. 1983). And the violation of a state statute is never alleged here. Thus, a bare violation of section 1692f(1) cannot give rise to a claim when there are no actual damages.

Lastly, the Debtors claim a violation of Section 1692e(2), which prohibits false statements about the status of a debt. However, the historical causes of action based on false statements simply do not compare. Fraudulent and intentional misrepresentation both require reasonable reliance by the plaintiff. *See Thompson v. Bank of Am., N.A.*, 773 F.3d 741, 751-52 (6th Cir. 2014) (citations omitted), and nothing in Section 1692e(2) requires any sort of reliance. Moreover, the Debtors here never allege any sort of reliance and never claim to have paid the allegedly incorrect amounts. Defamation claims require publication to a third party, which is not at issue here – only statements directly to the Debtors. *See Brown v. Mapco Express*, 393 S.W.3d 696, 708 (Tenn. Ct. App. 2012) (defamation requires more than just a false statement; it must be published). Accordingly, the Debtors cannot maintain a claim for a bare statutory violation of Section 1692e(2).

9

## CONCLUSION

Based on the foregoing, Nationstar asserts that this Court lacks subject matter jurisdiction of the Debtors' FDCPA claim.

Respectfully submitted, this 15th day of October, 2021.

>  */s/ Bret J. Chaness*
> BRET J. CHANESS (BPR # 31643)
> **RUBIN LUBLIN TN, PLLC**
> 3145 Avalon Ridge Place, Suite 100
> Peachtree Corners, GA 30071
> (678) 281-2730 (Telephone)
> (470) 508-9203 (Facsimile)
> bchaness@rlselaw.com
> *Attorney for Nationstar Mortgage LLC d/b/a Mr. Cooper*

## CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2021, the within and foregoing was filed via CM/ECF, which will serve notice on all parties.

> */s/ Bret J. Chaness*
> BRET J. CHANESS (BPR # 31643)