IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION

---

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| LEWIS EDWIN CULBERSON | ) | Chapter 13 |
| PATRICIA DIANNE CULBERSON | ) | Case No. 1:15-bk-15519-SDR |
| Debtor. | ) | |
| | ) | |
| **LEWIS EDWIN CULBERSON** | ) | |
| **PATRICIA DIANNE CULBERSON** | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | **Adversary Proceeding** |
| | ) | **No. 1:21-ap-01012-SDR** |
| **NATIONSTAR MORTGAGE, LLC** | ) | |
| **dba MR. COOPER** | ) | |
| **Defendant.** | ) | |

---

**PLAINTIFFS' SUPPLEMENTAL RESPONSE
TO COMPLY WITH ORDER DATED 9/28/2021 [DOC NO. 22]**

---

Come now the Plaintiffs, Lewis Edwin Culberson and Patricia Dianne Culberson ("Plaintiffs" or "Culbersons"), by and through counsel, and consistent with the instruction from this Honorable Court files this Supplemental Response in support of their position that their Adversary Proceeding ("AP") against Nationstar Mortgage LLC d/b/a Mr. Cooper ("Mr. Cooper" or "Nationstar") should not be dismissed and that they be allowed to amend their complaint in claims for relief (No. 8) alleging a violation of the automatic stay and add an additional claim for relief (No. 9) alleging a violation of 11 U. S. C. § 524(i). In addition, this Supplemental Response includes the Plaintiffs' position of the recent FDCPA cases *Ward v. Nat'l Patient Acct. Servs. Sols., Inc.*, ___ F.4th ___, No. 20-5902, 2021 WL 3616067 (6th Cir. Aug. 16, 2021); *Twardowski v.*

1

*Credit Mgmt., L.P.*, No. 20 C 4285, 2021 WL 3722850 (N.D. Ill. Aug. 23, 2021); and *Pennell v. Glob. Tr. Mgmt., LLC*, 990 F.3d 1041 (7th Cir. 2021).

### I.   PROCEDURAL HISTORY FROM DATE OF FILING CHAPTER 13 TO DATE OF NOTICE OF FINAL CURE

1. On December 18, 2015, the Debtors filed a voluntary Chapter 13 bankruptcy in this Court to save their home. A foreclosure had been scheduled for January 14, 2015.

2. Upon the filing of this case, the automatic stay was entered pursuant to 11 U. S. C. § 362, and the foreclosure was cancelled by Mr. Cooper's attorneys and/or agents.

3. At the time of the entry of the automatic stay, Mr. Cooper and its attorneys and/or agents had in place the necessary and appropriate business practice to acknowledge and document the Debtors' bankruptcy case, and Mr. Cooper and its attorneys and/or agents understood the appropriate action to cancel the foreclosure.

4. The automatic stay which was entered pursuant to 11 U. S. C. § 362 on December 21, 2015 has not been lifted, modified, suspended or vacated during the time of some of the wrongful actions of Mr. Cooper.

5. Upon the filing of their Chapter 13, the Debtors filed a proposed plan [Doc No. 7] which proposed to pay to the Chapter 13 Trustee the sum of $1,346.00 per month. From these funds, the Debtors proposed that the Trustee pay Mr. Cooper a regular maintenance payment of $819.00 per month and a payment of $260.00 on an estimated arrearage claim of $15,559.86. The plan also proposed a 100% dividend to unsecured creditors.

6. On January 20, 2016, Natalie Brown, Esq. with the law firm of Rubin Lublin, TN, PLLC filed a Notice of Appearance and Request for All Notices on behalf of the Defendant, Mr. Cooper [Doc No. 17].

7. On January 26, 2016, a Section 341 Meeting of Creditors was held by the Chapter 13 Trustee, Kara West [Doc No. 18]. No creditors appeared at this meeting. The Chapter 13 Trustee recommended the Debtors' Chapter 13 plan for confirmation with the only change being an increase in the plan payment to the sum of $1,383.00 per month.

8. On January 28, 2016, the Court entered its Order confirming the Debtors' Chapter 13 plan [Doc No. 19].

9. The Order confirming the Debtor's plan [Doc No. 19] became binding on the Debtors and all creditors including the Defendant, Mr. Cooper, pursuant to 11 U. S.C. § 1327(a).

10. On April 25, 2016, Mr. Cooper filed Claim No. 6 in the Debtors' Chapter 13 for $74,579.46 with an arrearage claim of $18,653.05.

11. According to the Court's PACER docket history, from the date of confirmation of January 28, 2016 through November 24, 2016, the Debtors' Chapter 13 case had only the routine activity relating to the appropriate statutory duties of the Chapter 13 Trustee. No motions to dismiss, motions to lift the automatic stay, or any motions of creditors were filed during the Culberson's Chapter 13.

12. According to the Court's PACER docket history, of the Debtors' Chapter 13 case, there was not any Court activity for the years 2017, 2018, or 2019.

13. During their Chapter 13 plan, the Debtors consistently paid their Chapter 13 plan payment which was voluntarily increased to $1,822.00 per month in June 2016, as reflected by a copy of the Trustee's payment history attached as Exhibit 1 to original Complaint [AP Doc No. 1].

14. Exhibit 1 to the Complaint accurately reflects that Mr. Cooper received maintenance payments during the plan totaling $52,988.48.

15. Exhibit 1 to the Complaint accurately reflects that the Chapter 13 Trustee paid the arrearage claim of Mr. Cooper in full in the amount of $18,653.05 with a $0.00 balance owed on the arrearage.

16. Exhibit 1 to the Complaint accurately reflects the Debtors made all of their required Chapter 13 payments and paid a total of $90,690.00 in payments with the last payment being noted by the Trustee on May 4, 2020 in the amount of $1,822.00.

17. The Debtors received a statement dated April 21, 2020 from Mr. Cooper reflecting a payment amount due of $5,651.40. This statement is attached as Exhibit 2 to Complaint [AP Doc No. 1]. This statement was sent to the Debtors while their case was pending and was inconsistent with the Chapter 13 Trustee's payments. This statement generated and transmitted to the Debtors unequivocally demonstrates that Mr. Cooper was not properly applying the Trustee payments. This misapplication of payments violated the automatic stay and the confirmation Order of this Court.

18. On April 29, 2020, Mr. Cooper filed with this Court a Notice of Mortgage Payment Change reflecting the payment would increase from $941.90 to $964.65 beginning June 12, 2020.

19. On May 20, 2020, an Order of Discharge was entered in the Debtors' Chapter 13 case. [Doc No. 40].

20. The Debtors received a letter dated June 9, 2020, via certified mail, from Mr. Cooper's Dedicated Loan Specialist Marcela Ayala Cordero ("Ms. Cordero"), advising them that their loan was past due in the amount of $4,834.71. The letter further stated that Mr. Cooper is not obligated to accept less than the full amount owed and failure to pay $4,834.71 by 07/14/2020 may result in acceleration of the sums secured, foreclosure proceedings, and sale of the property. This letter is attached as Exhibit 3 to Complaint [AP Doc No. 1].

21. The Debtors received a letter dated June 10, 2020, from Mr. Cooper's single point of contact Ashley Isaiah ("Ms. Isaiah") advising them that she was their new Dedicated Loan Specialist to help them with any issues they have with making their mortgage payment. This letter is attached as Exhibit 4 to Complaint [AP Doc No. 1].

22. As alleged in the Complaint, no one in Ms. Cordero's department checked to see if the Chapter 13 Trustee had filed the required Notice of Final Cure Payment in the Debtors' bankruptcy case prior to sending the letter, attached as Exhibit 3 to Complaint [AP Doc No. 1], to the Debtors.

23. As alleged in the Complaint, no one in Ms. Cordero's department checked or confirmed the Chapter 13 Trustee records reflecting payments sent to Mr. Cooper from the Debtors' bankruptcy case, prior to sending the letter, attached as Exhibit 3 to Complaint [AP Doc No. 1], to the Debtors.

24. As alleged in the Complaint, no one in Ms. Isaiah's department checked to see if the Chapter 13 Trustee had filed the required Notice of Final Cure Payment in the Plaintiff's bankruptcy case prior to sending the letter, attached as Exhibit 4 to Complaint [AP Doc No. 1] to the Debtors.

25. As alleged in the Complaint, no one in Ms. Isaiah's department checked or confirmed the Chapter 13 Trustee records reflecting payments sent to Mr. Cooper from the Debtors' bankruptcy case, prior to sending the letter, attached as Exhibit 4 to Complaint [AP Doc No. 1], to the Debtors.

26. The Debtors received a letter dated June 15, 2020 from Mr. Cooper's single point of contact Shamia McClellan ("Ms. McClellan") advising them that she was their new Dedicated

Loan Specialist to help them with any issues they may have making their mortgage payment. This letter is attached as Exhibit 5 to Complaint [AP Doc No. 1].

27.     As alleged in the Complaint, no one in Ms. McClellan's department checked to see if the Chapter 13 Trustee had filed the required Notice of Final Cure Payment in the Plaintiff's bankruptcy case prior to sending the letter, attached as Exhibit 5 to Complaint [AP Doc No. 1], to the Debtors.

28.     As alleged in the Complaint, no one in Ms. McClellan's department checked or confirmed the Chapter 13 Trustee records reflecting payments sent to Mr. Cooper from the Debtors' bankruptcy case, prior to sending the letter, attached as Exhibit 5 to Complaint [AP Doc No. 1], to the Debtors.

29.     The Debtors received a letter dated June 16, 2020, certified return receipt, from their new dedicated loan specialist, Ms. McClellan, advising their loan was past due for 03/12/2020 payment and total amount due was $5,426.00 and must be paid by 07/21/2020. Letter attached as Exhibit 6 to Complaint [AP Doc No. 1].

30.     On June 17, 2020, the Chapter 13 Trustee filed a Notice of Final Cure Payment to Mr. Cooper pursuant to Bankruptcy Rule 3002.1(f). [Doc No. 43].

31.     In the Notice of Final Cure, the Trustee certified that the Debtors had completed all payments under their Chapter 13 plan satisfying the pre-petition arrearage and post-petition fees, expenses, and charges which had been paid in full. [Doc No. 43].

32.     The Notice of Final Cure further reflected that Debtors' next post-petition payment of $964.65 would be due June 2020. [Doc No. 43].

33.     On July 07, 2020, counsel for U. S. Bank National Association, not in its individual capacity but solely as Trustee for the CIM TRUST 2018-NR1 Mortgage-Backed Notes, Series

2018-NR1, filed Response to Notice of Final Cure Payment advising it AGREES that Debtors have paid in full the amount to cure the default on the Creditor's claim. It further AGREES that Debtors are current with respect to all payments consistent with 1322(b)(5) of the Bankruptcy Code. Attached as Exhibit 12 to Complaint [AP Doc No. 1]. This document was signed under penalties of perjury by attorney Natalie Brown.

## II.   PROCEDURAL HISTORY AFTER CHAPTER 13 CASE SUCCESSFULLY COMPLETED BY DEBTORS AND FILING OF MOTION TO REOPEN CASE AFTER DISCHARGE

1. The Debtors received from Mr. Cooper a letter dated June 19, 2020 stating their loan was one hundred (100) days past due and reflecting an erroneous amount due of $4,805.71 due on July 12, 2020. Attached as Exhibit 7 to Complaint [Doc No 1].

2. The Debtors received from Mr. Cooper a mortgage loan statement dated June 19, 2020 reflecting a total amount due of $4,805.71. Attached as Exhibit 8 to Complaint [AP Doc No. 1].

3. On June 24, 2020, the Debtors mailed money order 26247683305 in the amount of $975.00 for their June mortgage payment to Mr. Cooper. Attached as Exhibit 9 to original Complaint [AP Doc No. 1].

4. The Debtors received from Mr. Cooper a letter dated June 24, 2020, advising, "Recently a transaction on your account has resulted in us placing funds in an unapplied funds account." If further stated, "As of the date of this letter, the total amount required to bring this account current is $3,618.86." Attached as Exhibit 10 to Complaint [AP Doc No. 1].

5. The Debtors received from Mr. Cooper's Dedicated Loan Specialist Shamia McClellan a letter via certified mail dated June 25, 2020, advising their loan was currently past

7

due for the 04/12/2020 payment and the total amount of $3,632.31 was due in full by 07/30/2020. Attached as Exhibit 11 to Complaint [AP Doc No. 1].

6. The Debtors received from Mr. Cooper a letter dated 07/21/2020, advising, "Our records tell us that one or more payment(s) on your Mr. Cooper home loan is overdue." Attached as Exhibit 13 to Complaint [AP Doc No. 1].

7. On July 22, 2020, the Debtors mailed two money orders (26664556770 and 26664556781) totaling $1,002.00 for their July 2020 mortgage payment to Mr. Cooper. Attached as Exhibit 9 to Complaint [AP Doc No. 1]. This amount included additional funds in excess of the regular mortgage payment. That amount was wrongfully taken from the Debtors by Mr. Cooper.

8. The Debtors received a mortgage loan statement from Mr. Cooper dated July 21, 2020 reflecting a total amount due of $2,931.21. Attached as Exhibit 14 to Complaint [AP Doc No. 1].

9. Exhibit 14 to the Complaint also reflects $9,389.48 being paid in escrow since June 20, 2020.

10. Exhibit 14 to the Complaint also reflects $2,189.41 unapplied funds being held.

11. The Debtors received from Mr. Cooper a mortgage statement dated 08/19/2020 reflecting an erroneous amount due of $2,931.21. Attached as Exhibit 15 to Complaint [AP Doc No. 1].

12. Exhibit 15 to the Complaint reflects $256.73 being paid in escrow since July 22, 2020.

13. Exhibit 15 to the Complaint reflects $2.00 unapplied funds being held.

14. On or about August 26, 2020, the Debtors mailed a money order (26773332412) in the amount of $975.00 for their August 2020 mortgage payment to Mr. Cooper. Attached as Exhibit 9 to Complaint [AP Doc No. 1].

15. The Debtors received from Mr. Cooper a mortgage statement dated 09/21/2020 reflecting an erroneous amount due of $2,931.21.  Attached as Exhibit 16 to Complaint [AP Doc No. 1].

16. On or about September 30, 2020, the Debtors mailed a money order (26247687726) in the amount of $975.00 for their September 2020 mortgage payment to Mr. Cooper.  Attached as Exhibit 9 to Complaint [AP Doc No. 1].

17. The Debtors received from Mr. Cooper a mortgage loan statement dated October 20, 2020 reflecting an erroneous amount due of $2,931.21. Attached as Exhibit 17 to Complaint [AP Doc No. 1].

18. On or about October 28, 2020, the Debtors' mailed money order 26247677883 in the amount of $975.00 to Mr. Cooper. Attached as Exhibit 18 to Complaint [AP Doc No. 1].

19. The Debtors received from Mr. Cooper a mortgage loan statement dated November 19, 2020 reflecting an erroneous amount due of $2,931.21.  Attached as Exhibit 19 to  Complaint [AP Doc No. 1].

20. On or about November 25, 2020, the Debtors mailed money order 26247688492 in the amount of $975.00 to Mr. Cooper. Attached as Exhibit 20 to Complaint [AP Doc No. 1].

21. On or about December 4, 2020, the Debtors mailed money order 26247690887 in the amount of $975.00 to Mr. Cooper. Attached as Exhibit 20 to Complaint [AP Doc No. 1].

22. The Debtors received from Mr. Cooper a mortgage loan statement dated December 15, 2020 reflecting an amount due of $1,099.09.  Attached as Exhibit 21 to Complaint [AP Doc No. 1].

23. On or about December 31, 2020, the Debtors mailed money order 26247693712 in the amount of $970.00 to Mr. Cooper. Attached as Exhibit 22 to Complaint [AP Doc No. 1].

24. The Debtors received from Mr. Cooper a mortgage loan statement dated January 13, 2021 reflecting an amount due of $1,093.74. Attached as Exhibit 23 to Complaint [AP Doc No. 1].

25. The most recent statement received by the Plaintiffs from Mr. Cooper reflects a principal balance of $43,711.23. That principal balance amount is $1,170.46 more than the correct principal balance calculated based upon the Note and security documents attached to Proof of Claim No. 6 filed by Mr. Cooper in this case.

26. This Adversary Proceeding was filed on March 18, 2021.

### III.  PLAINTIFFS' CAUSES OF ACTION IN THE ORIGINAL COMPLAINT (1 THROUGH 8)

1. First Claim for Relief - Determination of Validity and Amount of the Lien

2. Second Claim for Relief - Intentional Misrepresentation

3. Third Claim for Relief - Negligent Misrepresentation

4. Fourth Claim for Relief – Negligence

5. Fifth Claim for Relief - Breach of Contract

6. Sixth Claim for Relief - Failure to Credit Payments Upon Receipt

7. Seventh Claim for Relief - Violation of FDCPA

8. Eighth Claim for Relief - Violation of Automatic Stay

### IV.  PLAINTIFFS' AMENDED COMPLAINT AS TO CLAIM FOR RELIEF AND TO ADD CLAIM FOR RELIEF NO. 9

On August 9, 2021, the Plaintiffs filed a Motion for Leave to amend their Complaint [Doc No. 20]. That proposed amendment added additional allegations to Claim for Relief No. 8 related

to violation of the automatic stay and an additional Claim for Relief No. 9 asserting Nationstar violated the statutory provisions found in 11 U. S. C. § 524(i).

As to the proposed amendment to Claim for Relief No. 9 asserting a violation of the automatic stay, the Plaintiffs requested they be allowed to amend their Complaint to add paragraph No. 107 in the Amended Complaint [Doc No. 20-2]. That paragraph states

> *This willful violation of the automatic stay by the Defendant has caused the Plaintiffs to suffer damages. Not only were they forced to reopen their bankruptcy case due to threats of foreclosure, but when the Defendant misapplied the payments it was receiving under the confirmed plan, which they were not owed based on both the Trustee's Notice of Final Cure and the Defendant's Response to said notice, Defendant was causing the Plaintiffs to suffer damages due to the improper collection during the bankruptcy case.*

As to the Plaintiffs' proposed amendment to include the new cause of action No. 9, it is respectfully submitted that no prejudice will be suffered by Mr. Cooper because this Adversary Proceeding is procedurally in its early stage. Nationstar has not answered and discovery has been conducted. The allegations in Claim for Relief No. 9 dealing with violation of the discharge injunction does not complicate this matter going forward.

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, this Court should grant the Plaintiffs' Motion and allow for amendment of their Complaint. Rule 15(a)(2) states in particular: "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. **The court should freely give leave when justice so requires**." [emphasis added]. As such, justice would be served in this case by granting Plaintiffs' Motion for Leave.

**Standard of Review for Rule 15(a)(2) Motions**

The Sixth Circuit has highlighted the liberal decision-making ability by courts in this jurisdiction to grant leave for motions to amend pleadings by highlighting that Rule 15(a)(2) "… directs courts to freely give leave when justice so requires…" *Brown v. Chapman*, 814 F.3d 436, 442 (6th Cir. 2016).[1] The *Brown* court continues by highlighting that leave should always be granted unless there is "… undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Brown v. Chapman*, 814 F.3d at 443 citing *Foman v. Davis*, 371 U.S. 178, 182 (1962).

**Allowance of Leave to Amend Is Proper in this Case**

The Court should grant Plaintiffs' Motion for Leave to Amend especially given both the procedural posture and early stage of pleading between the parties. Justice would require amendment in this case as Plaintiffs, in their proposed amendment, have merely altered one claim for relief which was already asserted and added one (1) new claim for relief which was highlighted during oral arguments on August 5, 2021. Given the pending Motion to Dismiss filed by Defendant, Plaintiffs assert that justice would be best served if the Complaint were amended.

Not only would justice be served in allowing for amendment of the Complaint, but the amendment is also not violative of any criteria identified in the *Foman* Supreme Court decision. The amendment to the Complaint at this early stage of the pleading process would not cause any undue delay, is not being brought in bad faith, and has absolutely no dilatory motive other than to provide more clarity about the claims asserted by Plaintiffs against the Defendant. Moreover, Plaintiffs have never failed to cure any deficiencies or even allowed for any deficiencies to arise.

---

[1] Citing *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002).

Similarly, if the Court were to allow for amendment, Defendant would not be unduly prejudiced given the fact that it has still not answered the Original Complaint. This amendment would also not be futile given the extremely relevant statutory relationship with the new claim asserted in the Amended Complaint and the facts asserted against Defendant.[2]

### The Amendment Contains Claims Which Relate Back to the Original Complaint

Not only is amendment proper in this case, but the amendment of the Complaint also directly aligns with Rule 15(c)(1)(B) of the Federal Rules of Civil Procedure. Specifically, the Rule states, "An amendment to a pleading relates back to the date of the original pleading when … the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out —or attempted to be set out—in the original pleading…" Thus, when an amendment of a complaint asserts claims associated directly with the conduct alleged in the original complaint, the amendment relates back.

Here, the Amended Complaint contains a few changes and/or additions which relate back to the assertions of improper and dilatory mortgage accounting practices engaged in by Defendant. First, Plaintiffs seek to amend their assertions in their Eighth Claim for Relief – Violation of Automatic Stay. Specifically, Plaintiffs plead with particularity the fact that misapplication of payments received under a confirmed plan is an example of a willful violation of the automatic stay.[3] This is a crucial alteration to the approach to the pleaded facts because a misapplication by

---

[2] It is also important to note that considerably recent case law has just been decided upon in nearby courts which has guided the necessitation for amendment.

[3] Plaintiffs wish to provide the Court with judicial notice of a very recent case in the Middle District of North Carolina, *Bivens v. Newrez LLC*, 625 B.R. 843 (Bankr. M.D.N.C. 2021) in which the bankruptcy court highlighted a new approach to the issue of mortgage companies and servicers improperly applying payments. In particular, the court in *Bivens* highlighted explicitly that it has followed a majority of courts by holding that "… misapplication of chapter 13 plan payments is a cause of action for violation of the automatic stay." See also *In re Williams*, 612 B.R. 682 (Bankr. M.D.N.C. 2020). These two (2) cases also cite to several other courts which

a creditor of the Chapter 13 payments made by a debtor has been continuously deemed a violation of the automatic stay by other bankruptcy courts. This alteration also pivots the discussion from "pre-discharge action" versus "post-discharge action" to actions taken by Defendant which affected each and every payment made by Plaintiff throughout the lifecycle of the Chapter 13 case. In short, each of Mr. Cooper's actions in misapplying payments violated the automatic stay and this Court's Order Confirming the Chapter 13 Plan. [Doc No. 19 in Main Case].

Second, Plaintiffs added their Ninth Claim for Relief – Violation of 11 U.S.C. § 524(i). This proposed amendment highlights a claim which was identified at oral arguments addressing the Original Complaint held on August 5, 2021. In short, the willful failure by Defendant to credit payments under the Chapter 13 Plan is an example of a violation of the discharge injunction statutorily provided for pursuant to 11 U.S.C. § 524(a)(2). While this claim was not initially pleaded in the Plaintiffs' Original Complaint, it relates back to all claims and allegations made in the Original Complaint. This claim for relief is crucial to the Plaintiffs' case in chief, and is one that could potentially provide for concrete, tangible relief for the Plaintiffs. As such, justice would best be served by this Court granting leave for Plaintiffs to amend their Complaint to include this claim for relief.

---

have identified this serious issue from a new perspective rather than looking at it from a lens of "post-discharge" action. The aforementioned cases are as follows: *Szoke v. Chase Home Fin., Inc. (In re Szoke),* Adv. No. 12-4048, 2012 Bankr. LEXIS 6299 (Bankr. N.D. Ohio Aug. 28, 2012)*; Mattox v. Wells Fargo, NA (In re Mattox),* No. 10-05041, 2011 WL 3626762 (Bankr. E.D. Ky. Aug. 17, 2011)*; Galloway v. EMC Mortg. Corp. (In re Galloway),* No. 05-13504, 2010 WL 364336, at *5 (Bankr. N.D. Miss. Jan. 29, 2010)*; Myles v. Wells Fargo Bank, N.A. (In re Myles,* 395 B.R. 599, 606 (Bankr. M.D. La. 2008).

**V.  PLAINTIFFS' POSITION ON WARD, TWARDOWSKI AND PENNELL**

It is the Plaintiffs' position that these cases are applicable but distinguishable from their case against Mr. Cooper. The Culbersons, as alleged in their detailed Complaint, have asserted more than bare procedural violations of FDCPA. They have clearly alleged concrete harm in the misapplication of their mortgage payments during their Chapter 13 in violation of protections afforded them under the United States Bankruptcy Code, the United States Bankruptcy Rules, and the binding Orders of this Honorable Court.

Wherefore, the Plaintiffs respectfully requests that Mr. Cooper's Motion to Dismiss be denied in all respects.

This 22nd day of October 2021.　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　RICHARD BANKS & ASSOCIATES, PC

　　　　　　　　　　　　　　　　　　　By: /s/ Richard L. Banks_____
　　　　　　　　　　　　　　　　　　　　　　Richard L. Banks (BPR No. 000617)
　　　　　　　　　　　　　　　　　　　393 Broad Street NW
　　　　　　　　　　　　　　　　　　　Cleveland, TN 37311
　　　　　　　　　　　　　　　　　　　P: (423) 479-4188
　　　　　　　　　　　　　　　　　　　F: (423) 478-1175
　　　　　　　　　　　　　　　　　　　rbanks@rbankslawfirm.com
　　　　　　　　　　　　　　　　　　　*Counsel for the Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing Plaintiffs' Supplemental Response To Comply With Order Dated 9/28/2021 [DOC No. 22] to the following by first class mail, e-mail, and/or through the Court's electronic filing notice:

Kim Swafford (via ECF)
*Assistant United States Trustee*

Kara L. West (via ECF and email)
*Chapter 13 Trustee*

Ray Johnson (via ECF and email)
*Counsel for Chapter 13 Trustee*

Tracey Weibert (via ECF and email)
*Counsel for Chapter 13 Trustee*

Bret J. Chaness, Esq. (via Regular Mail & E-mail)
Rubin Lublin TN, PLLC
3145 Avalon Ridge Place, Suite 100
Peachtree Corners, GA 30071
bachaness@rubinlublin.com
*Counsel for Defendant*

Lewis Edwin & Patricia Dianne Culberson (via regular mail)
*Plaintiffs*

This 22nd day of October, 2021.     RICHARD BANKS & ASSOCIATES, PC

                                                       By: /s/ Richard L. Banks_____
                                                         Richard L. Banks (BPR No. 000617)