

**SO ORDERED.**
**SIGNED this 21st day of July, 2022**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.**
**PLEASE SEE DOCKET FOR ENTRY DATE.**

/s/ Shelley D. Rucker
Shelley D. Rucker
CHIEF UNITED STATES BANKRUPTCY JUDGE

_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE

**In re:**

**Lewis Edwin Culberson and**
**Patricia Dianne Culberson,**
    Debtors.

No. 1:15-bk-15519-SDR
Chapter 13

**Lewis Edwin Culberson and**
**Patricia Dianne Culberson,**
    Plaintiffs,

**v.**

Adv. No. 1:21-ap-01012-SDR

**Nationstar Mortgage, LLC**
   **dba Mr. Cooper,**
    Defendant.

## AMENDED ORDER FOR RULE 16 SCHEDULING CONFERENCE[1]

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure ("FRCP") made applicable to adversary proceedings by Rule 7016 of the Federal Rules of Bankruptcy Procedure, it is

---

[1] A few hours before the original scheduling order was entered, counsel for defendant filed a motion to set the Rule 16 scheduling conference. (Doc. No. 33.) In the motion, counsel disclosed that he would not be available between August 24 and 29, 2022, which would include the date that the Court had selected for the scheduling conference. Consequently, this amended order serves two purposes: It grants counsel's motion, and it changes the date of the scheduling conference to accommodate counsel's availability.

ORDERED that a scheduling conference will be held in this adversary proceeding on **September 13, 2022 at 11:00 AM ET**, in telephonic format using the AT&T teleconference system. The purpose of the scheduling conference will be to prepare a pretrial scheduling order. During the scheduling conference, the Court will address:

(a) the need to join other parties and to amend pleadings, and deadlines for doing so;

(b) the extent of the discovery the parties will need and the length of time necessary to complete that discovery;

(c) the procedures for court conferences before the parties may move for a motion to compel;

(d) what discovery of electronic materials is anticipated and how that material will be preserved;

(e) deadlines for completing discovery, providing expert witness reports and expert rebuttals, filing dispositive motions, submitting a joint pretrial statement, and filing trial briefs and lists of witnesses and exhibits;

(f) the need for a final pretrial conference to be held shortly before the trial date; and

(g) the trial date.

The parties may also raise any other issue that they believe is appropriate for the scheduling order.

In accordance with Rule 26(f) of the Federal Rules of Civil Procedure made applicable to adversary proceedings by Rule 7026 of the Federal Rules of Bankruptcy Procedure, as soon as practicable and in any event **at least seven (7) days before the scheduling conference is to be held, the parties shall meet to discuss the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case, to make or arrange for the disclosures required by Rule 26(a)(1), and to develop a proposed discovery plan.** The plan shall indicate the parties' views and proposals concerning the matters set forth in Rule 26(f)(1)–

(4), including time of initial disclosures; the subjects for discovery, and whether discovery will be made in phases; disclosure, discovery and preservation of electronically stored information; issues of privilege or protection of materials; and limitations on discovery. The parties should consider the proportionality of the discovery to the needs of the case and consider the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

**It is ORDERED that the parties shall file with the Court at least one (1) day prior to the scheduling conference a written report outlining the plan that is required by Rule 26(f).** Although the attorneys of record and all unrepresented parties that have appeared in the proceeding are jointly responsible for arranging and being present or represented at the Rule 26(f) meeting, for attempting in good faith to agree to the proposed discovery plan, and for submitting to the Court a written report outlining the plan, the plaintiff shall have the primary responsibility for initially contacting the other parties upon receipt of this Order to schedule the meeting. By agreement, the parties may conduct the Rule 26(f) meeting by telephone or video.

### Information for Participating in Hearing by Telephone

- The Court will initiate a conference call at 11:00 AM ET. To join the call, at least 10 minutes before the time of the hearing, dial the AT&T (toll-free) teleconferencing number, (877) 336-1829.

- Enter access code 4289323.

- Place the telephone on mute, but do not place the call on hold.

- Wait until your case is called or announcements are accepted by Court before speaking.

    Each time you speak, identify yourself for the record.

- Pursuant to E.D. Tenn. LBR 5073-1, you are prohibited from recording or broadcasting the proceedings conducted by the United States Bankruptcy Court.

# # #